BOJE v WAYNE COUNTY GENERAL HOSPITAL

Docket No. 88498. Submitted November 5, 1986, at Detroit. Decided February 17, 1987.

Barbara Boje went to Wayne County General Hospital on July 8, 1978, experiencing respiratory distress. She was diagnosed by Dr. Eugene M. Silverman as having an upper respiratory infection and tension headaches. On December 8, 1980, she was diagnosed as having an invasive adenocarcinoma, from which she died on December 26, 1980. Carl E. Boje, personal representative of the estate of Barbara Boje, deceased, filed a medical malpractice action against Wayne County General Hospital and Dr. Silverman in Wayne Circuit Court alleging that defendants failed to obtain a complete medical history and failed to use proper methods in diagnosing Barbara Boje's condition. The court, Michael J. Connor, J., granted summary disposition in favor of defendants on the basis of governmental immunity and denied plaintiff's motion for leave to amend his complaint and continue discovery on the ground that the Supreme Court handed down a decision after the filing of this case which clearly refutes plaintiff's argument that defendant hospital is not entitled to governmental immunity. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court correctly dismissed plaintiff's existing pleadings in this case.

2. The trial court failed to give adequate consideration to the arguments of the plaintiff as to the propriety of continuation of discovery and of a possible amendment to the pleadings. Plaintiff should be given an opportunity to amend his complaint and complete discovery. The case is remanded to the trial court for such procedures.

3. The issue of whether the counts against defendant Silver-

REFERENCES

Am Jur 2d, Pleading §§ 309 *et seq.*

Am Jur 2d, Public Officers and Employees §§ 358 *et seq.*

See the annotations in the Index to Annotations under Amendment of Pleadings; Governmental Immunity or Privilege.

man were to be dismissed was not properly brought to the attention of the trial court. The trial court erred in sua sponte determining that the summary disposition granted in favor of defendant hospital would automatically extend to Dr. Silverman.

Affirmed in part, reversed in part and remanded.

1. PLEADING — SUBSEQUENT OVERRULING OF PRECEDENT — AMENDMENT OF PLEADINGS.

A plaintiff who relied on Supreme Court precedent that activities of a municipally owned general hospital did not constitute a governmental function and brought a medical malpractice action against a municipally owned hospital simply on the basis that the hospital was liable for its improper actions in the conduct of a nongovernmental function should be permitted to amend his complaint to plead matters in avoidance of governmental immunity and continue discovery where, four years after the filing of the complaint, the Supreme Court expressly overruled the precedent relied upon and proclaimed that a public general hospital or medical facility is engaged in the exercise or discharge of a governmental function and thus immune from liability in tort to the extent that the diagnosis, treatment, and care of its patients were activities expressly or impliedly mandated or authorized by constitution, statute, or other law.

2. PLEADING — AMENDMENT OF PLEADINGS.

Leave to amend pleadings shall be fully granted if no injustice to the opponent arises (MCR 2.118[A][2]).

3. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES.

The statutory grant of governmental immunity to a governmental unit is not applicable as such to employees or agents of the unit; if the employees or agents are not liable, it is because of immunity granted by common-law concepts.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*John D. O'Hair,* Wayne County Corporation Counsel, and *Glen H. Downs,* and *Dean Koulouras,* Assistant Corporation Counsel, for defendant.

Before: Hood, P.J., and T. M. Burns and J. X. Theiler,* JJ.

Per Curiam. Plaintiff Carl Boje, as personal representative of the estate of decedent Barbara Boje, appeals from an order of summary disposition on behalf of defendants in this medical malpractice case and from an order denying his motion for leave to amend his complaint and continue discovery. Judgment was granted to the defendants on the basis of governmental immunity as granted in MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.* We remand.

Plaintiff's complaint alleges that on July 8, 1978, Barbara Boje presented herself at defendant hospital experiencing respiratory distress. She was diagnosed by defendant Silverman as having an upper respiratory infection and tension headaches. Subsequently, on December 8, 1980, she was diagnosed as having an invasive adenocarcinoma, from which she died on December 26, 1980. The complaint alleges that the defendants breached their duties of conforming to the "national standard of practice for pathology," and that, as a direct and proximate result of professional misfeasance and malfeasance, Barbara Boje suffered damages which culminated in her death. More specifically, plaintiff alleges that the defendants failed to obtain a complete medical history and failed to use proper methods in diagnosing Barbara Boje's condition.

The hospital filed a motion for summary disposition for failure to state a claim, pursuant to MCR 2.116(C)(8). The hospital contended that it was immune from liability in the present case because it was a county hospital authorized by state statute and, therefore, its activities constituted the performance of a governmental function. The mat-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ter came on for hearing on August 19, 1985. The trial court granted the hospital's motion for summary disposition, sua sponte determined that summary disposition would extend to Dr. Silverman, and denied the plaintiff's motion to amend the complaint as requested.

The first issue raised by the plaintiff is whether the trial court erred in holding that Wayne County General Hospital was entitled to claim governmental immunity. Plaintiff at oral argument conceded that this issue no longer had vitality in view of *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986). Plaintiff concedes that *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), now has no application to this case and that his claim that the hospital is not entitled to claim governmental immunity is abandoned. Plaintiff stated that he was not abandoning the issue raised in his brief that the providing of immunity is unconstitutional; however, it was not argued further. In view of this posturing of the proposition and in view of the contrary authorities, this issue is not considered further. See *Deaner v Utica Community School Dist,* 99 Mich App 103; 297 NW2d 625 (1980).

The plaintiff argues that he should be given an opportunity to plead matters to escape the impact of *Hyde.* Plaintiff contends that reliance was made on the prior case of *Parker* and that *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), reh den sub nom *Zavala v Zinser,* 421 Mich 1202 (1985), was not sufficient warning, absent express authority as we now find in *Hyde,* that *Parker* was not controlling. Plaintiff argues, therefore, that he should be given an opportunity to plead and show facts and circumstances that would make *Hyde* inapplicable and that the matter should be remanded to the trial

court to permit amendment of the pleadings and further discovery.

The judicially created exception to liability, defined as "governmental immunity," was abolished in *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961). The subsequent legislative reversal of the elimination of common-law governmental immunity came with the adoption of the governmental tort liability act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* effective July 1, 1965, that provided in § 7:

> Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein said government agency is engaged in the exercise and discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is hereby affirmed.

The plethora of judicial opinions attempting to determine when and where the concept of governmental immunity was to continue did not fasten upon the immunity which had existed prior to *Williams v Detroit, supra,* but rather focused upon what the Court construed to be proper instances of governmental function. In determining whether governmental immunity applied to a given act, consideration was not given so much to what was stated in plurality decisions, since, for a period of time, those decisions were equally divided, but rather focused upon the swing vote of Justice MOODY. For example, see the discussion in *Deaner, supra,* which relied upon *Parker v Highland Park, supra,* where Justice MOODY, in concurring with the opinion of Justice FITZGERALD, who had been joined by Justices KAVANAGH and LEVIN, deter-

mined that the activities of a municipally owned general hospital do not constitute a governmental function. The test developed by Justice MOODY was

> predicated on the basis that the term "governmental function" is limited to those activities *sui generis* governmental—of essence to governing. [404 Mich 199.]

The dissent in *Parker,* written by Justice RYAN, concurred in by Justices WILLIAMS and COLEMAN, found an intent on the part of the Legislature to codify the state's common-law immunity and to restore the immunity of municipalities that had existed prior to the 1961 decision of *Williams, supra.* The dissent relied heavily upon *Martinson v Alpena,* 328 Mich 595; 44 NW2d 148 (1950), overruled in *Williams,* in stating that the operation of a public hospital to promote the general public health is indeed a governmental function. In the plurality opinion, Justice FITZGERALD disclaimed any finding that the Legislature intended, in using the words of the statute, to determine governmental function on the basis of the law of 1902 and of 1950, and protested that interpreting the intent of a statute was peculiarly a judicial function. He stated:

> In adopting the "of essence to government" test for defining the term "governmental function", we reject the "common good of all" test applied in *Martinson v Alpena, supra.* [404 Mich 194.]

We then have a situation where, under the judicially developed concept of immunity, governmental hospitals were exempt from liability because of governmental immunity, as it was stated, for example, in *Martinson v Alpena, supra. Williams v Detroit, supra,* stated very broadly that

"the judicial doctrine of governmental immunity from ordinary torts no longer exists in Michigan." 364 Mich 250.

However, as Justice MOODY suggested in *Parker*, a Court does not necessarily mean everything it says. In *McDowell v State Highway Comm'r*, 365 Mich 268; 112 NW2d 491 (1961), it was stated that the Court really was only giving consideration to the liability of municipal corporations. However, the broad sweep of *Williams* certainly swept away the cloak of protection that had previously existed for municipal hospitals. According to *Parker*, the enactment of the amendments to the governmental immunity act were not sufficient to reinvest that cloak of immunity.

Plaintiff protests that he was justified in relying on *Parker* until it was clearly superseded and that he did not construe *Ross* as having impliedly done so. Certainly, *Ross* did not expressly overrule *Parker*. A hospital case was not included in the litany of cases decided under *Ross*.

Plaintiff contends that he therefore was justified in filing his complaint simply on the basis that the defendants were liable for their improper actions in the conduct of this nongovernmental function. Plaintiff contends that there was no need or any requirement that special matters be pled or time spent in discovery procedures which would justify amendments to the pleadings to glorify plaintiff's complaint or, as it were, to gild the lily. Plaintiff contends that the issuance of *Ross, supra,* was not sufficient warning to have prompted action on the plaintiff's part. Plaintiff therefore contends that he could not have anticipated the clear statement of *Hyde, supra,* that *Ross* impliedly overruled *Parker.* Therefore, plaintiff argues that, in justice, the trial court should have permitted additional discovery

and amendments of pleadings in view of that unanticipated decision.

We do not completely agree with plaintiff that *Ross* was unexpected. *Ross* was "a much needed and generally anticipated clarifying opinion" entitled to limited retroactive application. *Tobias v Phelps*, 144 Mich App 272, 279; 375 NW2d 365, lv den 424 Mich 859 (1985); *Faigenbaum v Oakland Medical Center*, 143 Mich App 303, 313; 373 NW2d 161 (1985), aff'd in part, rev'd in part sub nom *Hyde v University of Michigan Bd of Regents*, 426 Mich 223; 393 NW2d 847 (1986). The trial court's action in dismissing plaintiff's existing pleadings was correct.

However, the precise nature of the *Ross* holding, and the surviving exceptions to govermental immunity, could not have been anticipated when plaintiff filed his complaint in 1982.

Plaintiff now contends that the trial court erred in denying him the opportunity to pursue additional discovery and to amend the complaint to state a cause of action despite the holdings of *Hyde* and *Ross*. For example, plaintiff contends that he would be able to demonstrate to the trial court that facts existed which would show that the operation of the hospital insofar as it applied to the plaintiff was an ultra vires act. Plaintiff further contends that he would be able to disclose that the hospital was being operated in a proprietary manner. Plaintiff further argued to the trial court that he would be able to plead a proper breach of contract action if permitted to continue.

We find that the trial court failed to give adequate consideration to the arguments of the plaintiff as to the propriety of continuation of discovery and of a possible amendment to the pleadings. Leave to amend pleadings shall be fully granted if no injustice to the opponent arises. MCR

2.118(A)(2). This Court in *Midura v Lincoln Consolidated Schools,* 111 Mich App 558, 562-563; 314 NW2d 691 (1981) stated:

> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' *Foman v Davis,* 371 US 178, 182; 83 S Ct 227, 230; 9 L Ed 2d 222, 226 (1962)." *Fyke & Sons,* [*Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973)], *supra,* 656.

Delay in seeking amendment, without a finding of bad faith or prejudice caused by the delay, does not justify denial of a motion to amend. *Fyke & Sons, supra,* 663-664. The possible impact of an amendment on the outcome of a case is not the kind of prejudice contemplated by GCR 1963, 118.1. The *Fyke & Sons* Court relied on the Committee Comment accompanying Rule 18 for the following definition of the word "prejudice" in this context:

> " 'Prejudice' refers to a matter which would prevent a party from having a fair trial, or matter which he could not properly contest, *e.g.,* when surprised. It does not refer to the effect on the result of the trial otherwise." *Fyke & Sons, supra,* 657.

The possible prejudice must stem from the fact that new allegations are offered late rather than in the original pleadings and not from the fact that the opponent may lose his case on the merits if the amendment is allowed. *Fyke & Sons, supra,* 658. The discretion invested in trial judges under the standard "leave shall be freely given when justice so requires" is not boundless. This language imposes a limitation on the discretion of the court necessitating a finding that justice would not be

served by an amendment to pleadings. The allowance of an amendment is not an act of grace, but a right of a litigant who can show that an amendment will not work an injustice on the opposing party. *Fyke & Sons, supra,* 659.

It is not asserted by the defendants, and the trial court did not find, that further proceedings would result in any special prejudice to the defendants or that there was any bad faith or dilatory motive on the part of the plaintiff. We are satisfied that the plaintiff should be given an opportunity to amend his complaint and complete discovery. Accordingly, the case is to be remanded to the trial court for such procedures.

The trial court, in considering the hospital's motion for summary disposition, also ruled that the plaintiff's claim as against Dr. Silverman was subject to summary disposition. However, this defendant had not brought any motion.

It is our opinion that the issue of whether the counts against defendant Silverman were to be dismissed had not been properly brought to the attention of the trial court and, further, under the circumstances, the plaintiff was prevented from making a proper presentation to the court as to that issue. The question of whether or not an employee or an agent of a governmental unit is personally liable is not the same question that must be determined in answering whether the governmental unit itself is liable. There are additional considerations in determining whether or not the action of the agents is likewise entitled to immunity. The statutory grant of governmental immunity is not applicable as such to employees or agents. If they are not liable, it is because of immunity granted by common-law concepts. *Ross, supra.*

For the foregoing reasons, we remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

Affirmed in part, reversed in part and remanded.