ENVIRONAIR, INC v STEELCASE, INC

Docket No. 124082. Submitted January 15, 1991, at Grand Rapids. Decided February 25, 1991; approved for publication July 11, 1991, at 9:15 A.M.

Environair, Inc., and Thomas Turrentine, its sole shareholder, brought an action in the Kent Circuit Court against Steelcase, Inc., alleging tortious interference with a business relationship and with a contract, seeking exemplary damages. The court, Robert A. Benson, J., granted summary disposition dismissing Turrentine as a party because the asserted claims applied only to Environair. After the court limited Environair's damages incurred after October 1, 1987, the date on which the subject contract between Environair and a third party was terminated, to a nominal amount, Environair stipulated that it was seeking only those damages prohibited by the court's ruling, that all claims had been resolved, and that summary disposition could be entered for Steelcase. Turrentine appealed from the order of dismissal and Environair appealed the summary disposition for Steelcase.

The Court of Appeals *held*:

1. Turrentine lacked standing to sue in his individual capacity because he possessed no cause of action apart from that of Environair.

2. Because the contract was terminable at will, there was no tangible basis upon which damages could be assessed. Thus, the court properly limited Environair's damages incurred after October 1, 1987, to nominal damages only. There was no cognizable tortious interference with a business relationship independent of the employment-at-will contract.

3. The plaintiffs' claim for exemplary damages was not preserved for appeal.

Affirmed.

*Mika, Meyers, Beckett & Jones* (by *John C. Jones* and *William A. Horn*), for the plaintiffs.

*Warner, Norcross & Judd* (by *Paul T. Sorensen,*

*Douglas A. Dozeman,* and *Valerie P. Simmons),* for the defendant.

Before: DOCTOROFF, P.J., and MAHER and CAVANAGH, JJ.

PER CURIAM. Plaintiffs appeal as of right from separate orders granting summary disposition in favor of defendant Steelcase, Inc., thereby dismissing all claims. We affirm.

Plaintiff Environair, Inc., is a Michigan corporation engaged in the business of representing manufacturers of various products and components for air-handling systems for commercial buildings. Plaintiff Thomas Turrentine is the sole shareholder of Environair. One of the manufacturers represented by Environair was Greenheck Fan Corporation. Pursuant to a written sales agreement dated March 4, 1981, Environair was appointed the exclusive sales agent for Greenheck. The agreement covered a specified sales territory in southern Michigan and was terminable at will by either party upon thirty days' notice.

The events leading to the commencement of the instant action began in 1985 when Environair subcontracted to provide materials and construct the housing for the heating, ventilating, and air-conditioning system for one of defendant's construction projects. A dispute arose between plaintiffs and defendant concerning the amount of money owing for plaintiffs' work on defendant's construction project. Plaintiffs contend that when the matter could not be resolved amicably, defendant contacted Greenheck and attempted to induce it to terminate its exclusive sales agreement with Environair. While defendant admits contacting Greenheck, it claims doing so only to see if it could

purchase fans directly from the company rather than through Environair, in light of the then-existing situation. In any event, for one reason or another, the exclusive sales contract between Greenheck and Environair was ultimately terminated by Greenheck, effective October 1, 1987.

On April 5, 1988, plaintiffs commenced the instant action. Counts I and II of the complaint asserted respective claims against defendant for tortious interference with a business relationship and tortious interference with a contract. Count III asserted an independent claim for exemplary damages. The suit was brought in the names of both Environair and Thomas Turrentine individually.

Pursuant to an order dated August 10, 1989, the trial court granted defendant's motion for summary disposition dismissing Turrentine as a party on the basis that the asserted claims belonged only to Environair, the corporation, not to Turrentine individually. Thereafter defendant brought a motion in limine seeking to limit Environair's damages. Defendant argued that because the exclusive sales contract with Greenheck was terminable at will, any award of future damages was speculative. The trial court held that while Environair could recover for all damages that accrued before the termination of the contract on October 1, 1987, as well as for any consequential damages, recovery for damages accruing after October 1, 1987, would be limited to nominal damages. Subsequently, after Environair stipulated that it was seeking only those damages prohibited by the court's ruling and that all claims against defendant had been resolved by the trial court, Environair stipulated to summary disposition in favor of defendant. Plaintiffs Turrentine and Environair, Inc., now appeal as of right.

I

First, plaintiff Turrentine argues that the trial court erred in ruling that he lacked standing to sue in his individual capacity. We disagree.

An action must be prosecuted in the name of the real party in interest. MCR 2.201(B). A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. *Stillman v Goldfarb,* 172 Mich App 231, 237; 431 NW2d 247 (1988).

The parties to the exclusive sales contract were Environair, Inc., and Greenheck. In Michigan, the law treats a corporation as entirely separate from its shareholders, even where one person owns all the corporate stock. *Industrial Steel Stamping, Inc v Erie State Bank,* 167 Mich App 687, 692; 423 NW2d 317 (1988). Generally, a suit to enforce corporate rights or to redress or prevent injury to the corporation, whether arising out of *contract or tort,* must be brought in the name of the corporation and not that of a stockholder, officer, or employee. *Michigan National Bank v Mudgett,* 178 Mich App 677, 679; 444 NW2d 534 (1989).

We reject Turrentine's arguments that we should ignore the corporate structure and permit an individual action merely because he easily could have elected to contract with Greenheck individually, rather than through the corporate form. The fact is he did not. We find that *Brachman v Hyman,* 298 Mich 344; 299 NW 101 (1941), is distinguishable, because that case involved a plaintiff who had been fraudulently deprived of his corporate stock. Nor is this case like *Lud v Howard,* 161 Mich App 603; 411 NW2d 792 (1987), where individual relief was permitted only because relief to the corporation was unavailable. Lastly, we agree with the trial court that *Om-El Export*

*Co, Inc v Newcor, Inc,* 154 Mich App 471; 398 NW2d 440 (1986), is also inapplicable, because that case was decided on the basis of particular contract language that is not present in this case.

We conclude that Turrentine has failed to present any facts or authority persuading us that he possesses a cause of action apart from that of Environair. Accordingly, we find that the trial court did not err in holding that Turrentine lacked standing to sue in his individual capacity.

II

The second issue on appeal is whether the trial court erred when it ruled that damages incurred after October 1, 1987, would be limited to nominal damages only.

In *Sepanske v Bendix Corp,* 147 Mich App 819; 384 NW2d 54 (1985), the plaintiff was awarded damages for future lost earnings in an action for breach of a promise that he would be restored to either his former or a similar position. While this Court agreed that a breach of contract claim had been established, it vacated the award of damages. *Id.,* pp 828-829. The Court found that the plaintiff's expectation was that he would be restored to the same or similar at-will position, one which the employer was free to alter or terminate without consequence. *Id.* The Court held that the jury's damage assessment in such a situation was purely speculative:

> There is no tangible basis upon which damages may be assessed where plaintiff's expectation was for an at-will position which could have been changed or from which he could have been terminated without consequence. [*Id.,* p 829.]

The case was remanded to the trial court for entry

of judgment in favor of the plaintiff for nominal damages only. Also see *Sax v Detroit, G H & M R Co,* 129 Mich 502; 89 NW 368 (1902).

While *Sepanske* involved an employment relationship, its holding regarding the speculative nature of damages is just as applicable to a nonemployment situation also involving an at-will contractual relationship. Just as the employment relationship in *Sepanske* could have been terminated at any time without consequence, thereby providing "no tangible basis upon which damages may be assessed," so could the exclusive sales contract between Environair and Greenheck. Thus, in the present case, we agree with the trial court that there could be "no tangible basis upon which damages may be assessed" that would be any less speculative.

We note, however, that Environair has not specifically challenged the trial court's ruling with respect to the tortious interference with a contract claim. Indeed, Environair indicates that, in the event of reversal, this claim will be voluntarily dismissed. Nevertheless, Environair argues that the tortious interference with a business expectancy claim is not affected by *Sepanske* because such a claim is not dependent upon the existence of a contract. We disagree.

In *Feaheny v Caldwell,* 175 Mich App 291; 437 NW2d 358 (1989), the plaintiff sued several of his superiors, alleging both tortious interference with an employment contract and tortious interference with an employment expectancy. While recognizing the distinct nature of each of these torts, *id.,* p 301, the Court stated that the type of relationship that existed is a threshold question that must be resolved before a plaintiff may proceed on any theory of tortious interference. *Id.,* p 302. The Court found that where the relationship was

founded upon an at-will contract, there was no tortious interference cause of action independent of that contract. *Id.* The Court reasoned that a mere subjective expectation of continued employment could not justify an expectation of termination for cause only. *Id.*

Accordingly, because the nature of the relationship between Environair and Greenheck was one founded upon a contract that was terminable at will, we conclude that there was no cognizable tortious interference cause of action independent of that contract, because Environair's mere subjective expectation of the continuation of the contract could not justify an expectation any greater.

Therefore, we conclude that the trial court did not err in granting defendant's motion to limit damages.

III

Finally, plaintiffs claim they are entitled to exemplary damages independent of actual damages arising from the tortious interference claims.

Our review of the record reveals that this independent basis for relief, although pleaded in the complaint, was never pursued below nor brought to the attention of the trial court for resolution or decision. Nevertheless, plaintiffs stipulated to entry of judgment in favor of defendant, indicating that all claims against defendant had been determined by the trial court. Given that an issue not raised and addressed in the trial court is not preserved for appeal, *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988), we conclude that a claim seeking specific independent relief is deemed abandoned where a plaintiff stipulates to entry of judgment in favor of a defendant without having first sought to bring

the issue of entitlement to such relief to the attention of the trial court.

Accordingly, we affirm the trial court's August 10, 1989, order granting defendant summary disposition with regard to plaintiff Thomas Turrentine and the trial court's December 1, 1989, order granting defendant summary disposition with regard to defendant Steelcase, Inc.

Affirmed.