LOKEN, Circuit Judge,
dissenting.
I respectfully dissent. The insurance agency contract between State Farm and Brian dander provided that, “You or State Farm have the right to terminate this Agreement by written notice delivered to the other or mailed to the other’s last known address.” The issue before us is whether this term made the contract unambiguously terminable at will.
In finding ambiguity, the court simply ignores the general principle that a personal services contract of indefinite duration may be terminated at will by either party. See 1 Riohaed LORD, Williston On CONTRACTS § 4.20, at 461 & n. 7 (4th ed.1990); Meredith v. John Deere Plow Co. of Moline, Illinois, 186 F.2d 481, 482 (8th Cir.1950). North Dakota has codified that principle for contracts of employment. See N.D. Cent. Code § 34-03-01.[3] And the Supreme Court of North Dakota has applied the principle to other types of personal services contracts. See Myra Foundation v. Harvey, 100 N.W.2d 436, 437 (N.D.1960), followed in North Amer. Pump Corp. v. Clay Equip. Corp., 199 N.W.2d 888, 894 (N.D.1972). Applying South Dakota law, which includes a statute virtually identical to § 34-03-01, we held in Martin v. Equitable Life Assurance Society of the United States, 653 F.2d 573, 574 (8th Cir.1977), that an insurance agency contract having no fixed term was terminable at will by either party. That is the general *800 rule. See 13 ERic Holmes, Holmes’ Apple-man On INSURANCE 2D § 99.2 (1999).
The general rule makes all the difference in deciding this case. The court concludes the contract is ambiguous because “ti]t says nothing as to whether the termination must be for cause or may be at will.” Ante p. 797. But under the general rule, silence as to the duration of an agency relationship is an unambiguous declaration that the contract is terminable at will. In addition to our decision in Martin, numerous cases have held that an insurance agency contract of indefinite duration containing the precise language here at issue — that the contract is terminable upon notice by either party — is terminable at will as a matter of law. See Kaldi v. Farmers Ins. Exch., 21 P.3d 16, 18, 20 (Nev.2001); Patillo v. Equitable Life Assurance Soc’y of the United States, 199 Mich.App. 450, 502 N.W.2d 696, 699 (Mich.App.1993); James H. Washington Ins. Agency v. Nationwide Mut. Ins. Co., 95 Ohio App.3d 577, 643 N.E.2d 143, 147 (Ohio App.1993). These cases also establish that provisions similar to the termination review procedure quoted in footnote 2 of the court’s opinion do not render the termination-upon-notice provision ambiguous. As the court said in Kaldi, 21 P.3d at 21:
The review board process gives the agent the opportunity to assert that it is not in the best interest of [the insurer] to sever the agency relationship.... Thus, even without a requirement of cause, the review board serves a viable purpose under the contract.
Significantly, every court but one that has interpreted the specific State Farm agreement here at issue has concluded that it is unambiguously terminable at will. See Gardner v. State Farm Mut. Auto. Ins. Co., 2001 WL 399874 (Ala.Civ. App.2001) (discussing the termination review procedure at *5); Melnick v. State Farm Mut. Auto. Ins. Co., 106 N.M. 726, 749 P.2d 1105, 1110-11 (N.M.1988), cert. denied, 488 U.S. 822, 109 S.Ct. 67, 102 L.Ed.2d 44 (1988); Vitkauskas v. State Farm Mut. Auto. Ins. Co., 157 Ill.App.3d 317, 109 Ill.Dec. 373, 509 N.E.2d 1385, 1387 (Ill.App.Ct.1987); Mooney v. State Farm Ins. Companies, 344 F.Supp. 697, 699-700 (D.N.H.1972) (discussing the termination review procedure). The exception is the Ninth Circuit’s unpublished opinion in Sandberg, which the court correctly concludes is irrelevant because California law allows the use of extrinsic evidence to determine if a contract is ambiguous. Ante note 1.
The immediate impact of this decision may prove to be slight, because the ultimate fact-finder is likely to find either that the State Farm/Olander contract was terminable without cause, or that State Farm had good cause in protecting its policyholders and its reputation by removing a captive agent who was facing a criminal prosecution for homicide. But contract law should be predictable, and this decision potentially disrupts the settled expectations of countless parties to this standard form State Farm agency contract in States other than California. I therefore hope that the Supreme Court of North Dakota, if presented the opportunity, will squarely reject this distortion of North Dakota contract law.

. "An employment having no specified term may be terminated at the will of either party on notice to the other, except when otherwise provided by this title.”