HEALTH CALL OF DETROIT v ATRIUM
HOME & HEALTH CARE SERVICES, INC

Docket No. 244633. Submitted July 13, 2004, at Detroit. Decided February 1, 2005, at 9:00 a.m. Vacated in part by order entered February 28, 2005. 265 Mich App 801.

Health Call of Detroit brought an action in the Wayne Circuit Court against Atrium Home Health Care Services, Inc., and three licensed practical nurses, Katrina Johnson, Dwight Robinson, and Damita Borner, claiming that Atrium tortiously interfered with Health Call's at-will employment contract with Borner, that Atrium and Borner tortiously interfered with Health Call's at-will employment contracts with Johnson and Robinson, and that Atrium and Borner tortiously interfered with Health Call's at-will home nursing care contract with an existing client. The court, Robert J. Colombo, Jr., dismissed the part of count I relating to Borner's alleged interference with the at-will nursing care contract between Health Call and its existing client and the part of count II relating to the nurses' breach of the noncompetition clauses of their at-will employment contracts with Health Call, because the damages would be purely speculative. The plaintiff appealed.

The Court of Appeals *held*:

MCR 7.215(J) binds the panel to follow *Environair, Inc v Steelcase, Inc*, 190 Mich App 289 (1991), which held that a defendant's interfering with an at-will contract within or outside the employment context does not allow the plaintiff to recover more than nominal damages on its breach of contract and tortious interference claims as they pertained to the at-will contracts because, given the nature of at-will contracts, there is no tangible basis on which damages may be assessed. Contrary to *Environair*, there are ways to prove damages and, just because damages cannot be ascertained with mathematical precision, it cannot be said that the damages are speculative. Were the panel not bound by *Environair*, it would not limit recovery to nominal damages. Pursuant to *Environair*, the trial court's partial dismissal of counts I and II must be reversed and the case must be remanded. If the plaintiff prevails on these claims, it can recover no more than nominal damages.

Reversed and remanded for further proceedings.

*Hamood, Runco & Fergestrom* (by *Richard E. Shaw*) for the plaintiff.

*Frank, Stefani, Haron and Weiner* (by *Sidney L. Frank* and *Michael J. Hamblin*) for the defendants.

Before: ZAHRA, P.J., and TALBOT and WILDER, JJ.

WILDER, J. Plaintiff Health Call of Detroit appeals as of right from that portion of the trial court's order granting partial summary disposition in favor of defendants pursuant to MCR 2.116(C)(10), which dismissed counts I and II in part.[1] We reverse and remand for reinstatement of plaintiff's dismissed claims and, because we are required to follow the holding in *Environair, Inc v Steelcase, Inc*, 190 Mich App 289; 475 NW2d 366 (1991), our remand is with instructions that while plaintiff's claims in counts I and II may proceed, plaintiff is to be limited to the recovery of nominal damages to the extent its damages were caused by the loss of plaintiff's at-will contract to provide home nursing services to Cierra Harris. Further, pursuant to MCR 7.215(J)(2), we declare a conflict with *Environair* and state that if we were not obligated to follow *Environair*, we would reverse and remand but would not limit plaintiff's recovery of damages on counts I and II to nominal damages as a matter of law.

I

Plaintiff is a Michigan corporation that provides nursing and medical services for home care. Individual defendants, Katrina Johnson, Dwight Robinson, and Damita Borner, who are licensed practical nurses, en-

---

[1] The trial court also dismissed count III in its entirety, but the dismissal of that claim is not before us on appeal.

tered at-will independent contractor agreements with plaintiff in which they agreed to provide home nursing services to plaintiff's clients. The defendant nurses' respective contracts contained a noncompetition clause, effective for two years following the termination of the independent contractor agreements. As relevant to the instant case, Wendy Williams, the mother of Cierra Harris, an infant, entered into an at-will contract with plaintiff for the provision of twenty-four hour home nursing services to Harris. The defendant nurses provided the contracted services to Harris under the independent contractor agreements between the defendant nurses and plaintiff.

Plaintiff alleges that defendant Atrium Home & Health Care Services, Inc. (Atrium), which was also in the business of providing home nursing care services, contacted defendant Borner and urged her to terminate her contract with plaintiff and persuade defendants Johnson and Robinson to also terminate their contracts with plaintiff, in order that Atrium could thereafter provide home nursing care services to Harris. Plaintiff further alleges that the defendant nurses terminated their respective independent contractor agreements with plaintiff, subsequently contracted with Atrium, and continued to provide home nursing care services to Harris after leaving plaintiff's employ and contracting with Atrium.

In its complaint, plaintiff alleged in count I that Atrium tortiously interfered with plaintiff's contract with Borner, that Borner and Atrium tortiously interfered with plaintiff's contracts with Johnson and Robinson, and that Borner and Atrium tortiously interfered with plaintiff's contract, business relationship, and expectancies with Williams concerning Harris. Count II alleged that the defendant nurses breached paragraph

12 of their respective contracts, which paragraph precluded solicitation of, or competition with, plaintiff's clients for two years after the expiration of their respective at-will agreements. Defendants moved for partial summary disposition pursuant to MCR 2.116(C)(10), asserting that plaintiff as a matter of law was limited to a recovery of nominal damages on its claims.

On count I, the trial court granted summary disposition in favor of Borner with regard to plaintiff's claim of tortious interference with the Harris contract, but permitted the tortious interference claim to proceed against Atrium. Regarding count II, the trial court granted summary disposition in favor of the defendant nurses "to the extent" that "the damages [claimed by plaintiff] are measured by the loss of the [Harris] contract." The trial court determined that such damages were speculative because they were based on plaintiff's loss of an at-will contract to provide services to Harris. The parties stipulated the dismissal of all remaining claims without prejudice, and this appeal ensued.

II

On appeal, a trial court's grant or denial of summary disposition is reviewed de novo. *First Pub Corp v Parfet*, 468 Mich 101, 104; 658 NW2d 477 (2003). This Court must review the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law. *Morales v Auto Owners Ins Co*, 458 Mich 288, 294; 582 NW2d 776 (1998). "A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 324; 675 NW2d 271 (2003). "When deciding a motion for summary disposi-

tion, a court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id.*

III

We first note that the trial court erred by granting a partial dismissal of plaintiff's claims for tortious interference with contract and breach of contract. In *Patillo v Equitable Life Assurance Society of the United States*, 199 Mich App 450, 457; 502 NW2d 696 (1992), this Court held that a plaintiff may properly "maintain an action for tortious interference with an at-will employment contract." Similarly, an at-will contract may properly contain a noncompetition clause. MCL 445.774a; see also *Thermatool Corp v Borzym*, 227 Mich App 366, 372; 575 NW2d 334 (1998). Nevertheless, under this Court's holding in *Environair*, even though plaintiff may properly proceed with these claims, plaintiff may not recover more than nominal damages for any proven breach.

In *Environair*, the plaintiff company alleged that defendant Steelcase, Inc., induced a third company, Greenheck Fan Corporation (Greenheck), to terminate an agreement under which the plaintiff acted as Greenheck's exclusive sales agent. The exclusive sales agreement between Environair and Greenheck was terminable at will by either party on thirty days' notice. *Environair, supra* at 290-291. Plaintiff filed a complaint alleging claims of tortious interference with a business relationship and tortious interference with a contract against Steelcase. This Court held that recovery for damages, accruing after the date the exclusive sales contract was terminated, would be limited to nominal damages. *Id.* at 291. In reaching this conclusion, the

*Environair* panel relied on *Sepanske v Bendix Corp,* 147 Mich App 819, 828-829; 384 NW2d 54 (1985). *Sepanske* involved a plaintiff who was awarded damages for future lost earnings on the basis of a breach of contract claim predicated on the breach of a promise that he would be restored to either his former position or a similar position. *Id.* at 822-825. However, the *Sepanske* panel concluded that, because the plaintiff's expectation was to be returned to an at-will position, "one which the employer was free to alter or terminate without consequence," the award of damages by the jury was "pure speculation," and it remanded the case for entry of only nominal damages in favor of the plaintiff. *Id.* at 829.

The *Environair* panel concluded that *Sepanske's* holding should apply to the loss of an at-will contract outside the employment context, the matter at issue in *Environair*:

> While *Sepanske* involved an employment relationship, its holding regarding the speculative nature of damages is just as applicable to a nonemployment situation also involving an at-will contractual relationship. Just as the employment relationship in *Sepanske* could have been terminated at any time without consequence, thereby providing "no tangible basis upon which damages may be assessed," so could the exclusive sales contract between Environair and Greenheck. Thus, in the present case, we agree with the trial court that there could be "no tangible basis upon which damages may be assessed" that would be any less speculative. [*Environair, supra* at 294.]

As in *Environair,* here, in counts I and II, plaintiff seeks damages from defendants for their alleged improper role in facilitating the termination by Williams of the at-will contract through which plaintiff provided health care services to Harris. We conclude, therefore, that *Environair* requires this Court to find that plaintiff

could not recover more than nominal damages on its breach of contract and tortious interference claims, insofar as they pertain to the termination of the at-will contract to provide home nursing services to Harris. Respectfully, however, we disagree with this conclusion. While it is apparent that proving damages resulting from the termination of the at-will nursing services agreement may be difficult, "damages are not speculative merely because they cannot be ascertained with mathematical precision. It is sufficient if a reasonable basis for computation exists, although the result be only approximate." *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 108; 535 NW2d 529 (1995) (internal citations omitted). Moreover, the " 'law . . . does not require a higher degree of certainty than the nature of the case permits.' " *Body Rustproofing, Inc v Michigan Bell Tel Co*, 149 Mich App 385, 390; 385 NW2d 797 (1986), quoting *Allison v Chandler*, 11 Mich 542, 554 (1863). Thus, "when the nature of the case permits only an estimation of damages or a part of the damages with certainty, it is proper to place before the jury all the facts and circumstances which have a tendency to show their probable amount." *Body Rustproofing, supra* at 391.

Here, plaintiff has alleged in count I that Atrium persuaded Borner to terminate her agreement with plaintiff and to begin working with Atrium, that Atrium and Borner together persuaded Johnson and Robinson to leave plaintiff's employ for Atrium, and that Atrium thereafter persuaded Williams to end her contract with plaintiff and to instead contract with Atrium for the provision of home nursing services to Harris. If the finder of fact were to conclude that Williams discontinued the contract with plaintiff and entered into the contract with Atrium only because she wanted the care provided by the defendant nurses to continue unabated,

such a finding would support the conclusion that the termination of the home nursing services contract had no relation to the fact that the contract was at will. Under these circumstances, damages for the tortious interference by Atrium and Borner with the independent nursing contracts between plaintiff and the defendant nurses, and for interference by all defendants with the nursing services contract between plaintiff and Williams, would be neither speculative nor uncertain, as the time during which the defendant nurses continued to provide nursing services to Harris would operate as a basis for measuring damages. Similarly, should the fact-finder conclude regarding count II that the defendant nurses had breached the noncompetition clause of their respective contracts by going to work for Atrium and that Williams terminated her contract with plaintiff and entered an agreement with Atrium only to secure continuity of care, damages might plausibly be measured on the basis of the continued provision of care for Harris by the defendant nurses. Therefore, were we not constrained by the holding in *Environair*, we would find that plaintiff is not limited merely to the recovery of nominal damages for tortious interference with its independent contract or agreements with the defendant nurses or for breach by the defendant nurses of the noncompetition clause of the independent contract or agreements.

IV

For the reasons articulated, we reverse the trial court's ruling partly dismissing counts I and II and remand the case for these claims to be reinstated with the instructions that should plaintiff prevail on these claims, plaintiff shall recover no more than nominal damages to the extent its damages were caused by the

loss of plaintiff's at-will contract to provide home nursing services to Cierra Harris. Were we not bound by *Environair*, we would not so limit the damages on these claims on remand.

We do not retain jurisdiction.