EVERTON v WILLIAMS

Docket No. 264554. Submitted March 8, 2006, at Detroit. Decided March
      23, 2006, at 9:00 a.m.
      John Everton brought an action in the Oakland Circuit Court against
      Susan Williams and Ballard Power Systems Corporation. The plain-
      tiff had been terminated from his employment with Ballard after
      Williams claimed that he sexually harassed her at work. The plain-
      tiff's complaint included an allegation that Williams tortiously inter-
      fered with his business expectancy of continued employment with
      Ballard by making false allegations. The court, Denise Langford
      Morris, J., granted the defendants summary disposition under MCR
      2.116(C)(8) on all counts except the tortious interference claim. With
      regard to that count, the court held that the plaintiff had stated a
      valid cause of action against Williams, but the damages available to
      him were only nominal. Because the amount in controversy was thus
      below the court's jurisdictional threshold, the court concluded that it
      lacked subject-matter jurisdiction and granted Williams summary
      disposition under MCR 2.116(C)(4) on the tortious interference
      claim. The plaintiff appealed only the dismissal of his tortious
      interference claim against Williams.

            The Court of Appeals held:

            The trial court erred by determining that the plaintiff's recov-
      ery on his tortious interference claim was limited, as a matter of
      law, to nominal damages. In *Health Call of Detroit v Atrium Home
      & Health Care Services, Inc*, 268 Mich App 83 (2005), the Court of
      Appeals rejected a blanket rule limiting recovery to nominal
      damages as a matter of law in all actions arising out of or related
      to the termination of at-will contracts. The *Health Call* Court
      concluded that factual scenarios may exist in which there is a
      tangible basis on which future damages may be assessed that are
      not overly speculative despite the at-will nature of the underlying
      contract. The *Health Call* holding applies to all cases involving the
      termination of an at-will contract, including an employment
      contract such as the contract in this case. The Court expressed no
      opinion on whether a proper basis for assessing future damages
      existed in this case. The trial court, however, erred by dismissing

the tortious interference claim solely because it erroneously concluded that the plaintiff's potential recovery was limited as a matter of law to nominal damages.

Reversed and remanded for further proceedings.

*Sommers Schwartz, P.C.* (by *Donald J. Gasiorek* and *James N. McNally*), for John Everton.

*Dykema Gossett PLLC* (by *Debra M. McCulloch* and *William M. Thacker*) for Susan Williams.

Before: DAVIS, P.J., and CAVANAGH and TALBOT, JJ.

CAVANAGH, J. Plaintiff appeals as of right the summary dismissal of his tortious interference claim against defendant Susan Williams, only, pursuant to MCR 2.116(C)(4).[1] We reverse.

Plaintiff was terminated from his employment with Ballard Power Systems Corporation following Williams's claim that plaintiff sexually harassed her at work. Plaintiff brought this action alleging, in part, that Williams tortiously interfered with his business expectancy of continued employment with Ballard by making false accusations about him. Following defendant's filing of a motion for summary disposition, the trial court held that plaintiff stated a valid cause of action against Williams, but held that the damages available to plaintiff were only nominal —usually $1. The trial court concluded that it lacked subject-matter jurisdiction, therefore, and dismissed the case.

On appeal, plaintiff argues that his potential recovery on this tortious interference claim is not limited to nominal damages as a matter of law. After review *de*

[1] Because plaintiff is only appealing the dismissal of count I of his complaint, which is his claim against Williams, we refer to Williams as "defendant."

novo of this question of law, we agree. See *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

In concluding that plaintiff was only entitled to a recovery of nominal damages, if any, the trial court relied on *Feaheny v Caldwell*, 175 Mich App 291; 437 NW2d 358 (1989), and *Sepanske v Bendix Corp*, 147 Mich App 819; 384 NW2d 54 (1985), for the proposition that, while a cause of action for tortious interference with an at-will employment contract can be maintained, the damages accruing after termination are limited to nominal damages because of the speculative nature of the claim.

However, as plaintiff argues on appeal, that law limiting recovery to nominal damages in actions involving at-will contracts was overruled by *Health Call of Detroit v Atrium Home & Health Care Services, Inc*, 268 Mich App 83; 706 NW2d 843 (2005) *(Health Call II)*. Specifically, this Court held

> that a blanket rule limiting recovery to nominal damages as a matter of law in all actions arising out of or related to the termination of at-will contracts is not legally sound, because there may exist factual scenarios in which there is a tangible basis on which future damages may be assessed that are not overly speculative despite the at-will nature of the underlying contract. [*Id.* at 85-86.]

Defendant argues, however, that the holding in *Health Call II* does not apply when the underlying contract is an at-will employment contract. But that position is not supported by a fair reading of the *Health Call II* case.

The *Health Call II* analysis began with a reference to *Feaheny*, a tortious interference case involving an at-will employment contract, which held that such claims are actionable because " 'an at-will employee who enjoys the confidence of his or her employer has the right

to expect that a third party will not wrongfully under-mine the existing favorable relationship.' " *Health Call II, supra* at 92, quoting *Feaheny, supra* at 304. Then, the Court considered the issue of damages flowing from this actionable claim.

The *Health Call II* Court first turned to *Environair, Inc v Steelcase, Inc*, 190 Mich App 289; 475 NW2d 366 (1991), a case that involved an at-will sales agreement contract and that relied on *Sepanske*—a case involving an at-will employment contract—to conclude that when an at-will contract is at issue, there is no tangible basis from which to assess damages. *Health Call II, supra* at 93-94, citing *Environair, supra* at 293-294. The *Health Call II* Court next considered the general rule "that remote, contingent, and speculative damages cannot be recovered in Michigan in a tort action." *Health Call II, supra* at 96. With respect to the law on damages, the Court further noted:

> Damages, however, are not speculative simply because they cannot be ascertained with mathematical precision. Although the result may only be an approximation, it is sufficient if a reasonable basis for computation exists. Moreover, the law will not demand that a plaintiff show a higher degree of certainty than the nature of the case permits. . . . Furthermore, the certainty requirement is relaxed where damages have been established but the amount of damages remains an open question. Questions regarding what damages may be reasonably anticipated are issues better left to the trier of fact. [*Id.* at 96-97 (citations omitted).]

Then the *Health Call II* Court opined that it "must construe *Environair* as standing for the proposition that damages arising out of or related to the termina-tion of an at-will contract are speculative as a matter of law in all cases because there is no tangible basis on which damages can be assessed." *Id.* at 98. The Court

noted that in *Health Call of Detroit v Atrium Home & Health Care Services, Inc*, 265 Mich App 79; 695 NW2d 337 (2005) *(Health Call I)*, vacated in part 265 Mich App 801 (2005), the *Health Call I* panel had held that, but for the holding in *Environair*, it would have "found that factual circumstances exist that could reasonably support an award by the trier of fact of future damages that are not overly speculative or uncertain . . . ." *Health Call II, supra* at 98, citing *Health Call I, supra* at 85-86. Thus, pursuant to MCR 7.215(J), a conflict arose, which the *Health Call II* panel defined as "whether it is appropriate to limit recovery to nominal damages as a matter of law in all cases in which the damages sought arose out of or are related to the termination of an at-will contract." *Health Call II, supra* at 100. The *Health Care II* Court answered in the negative,[2] concluding that

> a blanket rule limiting recovery to nominal damages as a matter of law in all actions arising out of or related to the termination of at-will contracts is not legally sound, because there may exist factual scenarios in which there is a tangible basis on which future damages may be assessed that are not overly speculative despite the at-will nature of the underlying contract. [*Id.* at 85-86.]

We reject defendant's interpretation of the *Health Call II* holding as being limited to at-will contracts outside the employment setting. The analysis relies on cases involving at-will employment contracts, and the scope of the holding is clearly stated as including "*all actions* arising out of or related to the termination of at-will contracts," *id.* at 85-86, 106, 107 (emphasis added), and "*all cases* in which the damages sought arose out of or are related to the termination of an at-will contract," *id.* at 100 (emphasis added). The

---

[2] And, thus, overruled *Environair*.

holding is not limited in application to cases in which the underlying at-will contract is not an employment contract—it applies to all cases involving the termination of an at-will contract, employment or otherwise. And we agree with that holding. There is no obvious reason to distinguish between types of at-will contracts, particularly with respect to the issue of damages arising out of or related to their termination, because the same difficulty in establishing damages is inherent in all these types of cases. We agree with the *Health Call II* Court that, albeit rare situations, "there may exist factual scenarios in which there is a tangible basis on which future damages may be assessed that are not overly speculative despite the at-will nature of the underlying contract." *Id.* at 86. In any event, in addressing the dissent's concern, the *Health Call II* Court indicated that its holding applied in the context of at-will employment contracts, when it noted the following:

> If one subscribes to the dissent's view regarding future damages as always being speculative when they relate to at-will employment contracts, one wonders whether the dissent would reverse case law that allows for more than nominal future damages for at-will employees whose employment is terminated in violation of various civil rights statutes or, for that matter, future damages for a wrongful death claim involving an at-will employee. Future damages for lost wages have traditionally been allowed in situations in which there is no dispute of fact that the injured party was an at-will employee. Simply because damages cannot be ascertained with mathematical certainty does not make them unacceptably speculative. It is for this reason that what damages may reasonably be anticipated is an issue better left for the trier of fact. [*Id.* at 106-107.]

Accordingly, we reverse the trial court's determination that plaintiff's potential recovery on his tortious interference claim was limited, as a matter of law, to nominal

damages. We express no opinion on whether, in this case, there exists a tangible basis on which to assess future damages that is not overly speculative.

Next, plaintiff argues that the trial court's dismissal for lack of subject-matter jurisdiction should be reversed. After review de novo to determine whether Williams was entitled to judgment as a matter of law, we agree. See MCR 2.116(C)(4); *Jones v Slick*, 242 Mich App 715, 718; 619 NW2d 733 (2000). The trial court's decision to dismiss was based solely on its erroneous conclusion that plaintiff's potential recovery was limited to nominal damages as a matter of law; therefore, we reverse the dismissal and remand for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.