BROWN v MANISTEE COUNTY ROAD COMMISSION

Docket No. 99566. Argued December 6, 1995 (Calendar No. 11). Decided July 16, 1996.

Billy D. Brown brought an action in the Manistee Circuit Court against the Manistee County Road Commission, alleging that he sustained serious injuries when he lost control of his motorcycle while attempting to avert a pothole in a road under the jurisdiction of the commission. The road was resurfaced sixty-one days after the accident. The court, James M. Batzer, J., granted summary disposition for the commission, holding that the plaintiff was subject to the sixty-day notice provisions of MCL 224.21; MSA 9.121 and that the commission was prejudiced by the plaintiff's failure to serve notice. The Court of Appeals, WEAVER and K. B. GLASER, JJ (NEFF, P.J., dissenting), affirmed (Docket No. 146762). The parties appeal.

In separate opinions, the Supreme Court unanimously *held*:

The 120-day notice provision of MCL 691.1404; MSA 3.996(104) applies in an action for personal injuries against a county road commission.

In an opinion by Justice CAVANAGH, joined by Chief Justice BRICKLEY, and Justices LEVIN and MALLETT, the Supreme Court additionally *held*:

As decided in *Hobbs v State Hwys Dep't*, 398 Mich 90 (1976), absent a showing of actual prejudice to the governmental agency, the notice provision of MCL 691.1404; MSA 3.996(104) is not a bar to the claim. Because the governmental agency in this case has not shown prejudice from the plaintiff's failure to give notice within the 120-day period, reversal of the trial court's grant of summary disposition for the road commission and remand for trial on the merits is required.

1. Governmental agencies are statutorily immune from tort liability. Exceptions include failure to properly maintain highways and county roads in reasonable repair. As a condition of the exception, notice of the alleged injury and defect is required to be served on the appropriate governmental agency. Two potentially governing statutes provide different notice periods. MCL 224.21; MSA 9.121, addressing county road commission liability, compels notice within

sixty days, while MCL 691.1404; MSA 3.996(104), addressing identical liability for the state, its political subdivisions, and municipal corporations, requires notice within 120 days. The distinct notice periods in the two statutes are suspect because it is clear that both statutes govern identical causes of action for defective road and highway maintenance. By providing different notice periods, the statutes divide injured persons into two classes: those injured on a defective road controlled by a county road commission and those injured on a defective road controlled by other governmental agencies.

2. Notice provisions permit a governmental agency to gather evidence quickly in order to evaluate a claim, irrespective of whether the action is brought against the state, a city, township, or county road commission. Despite a presumption of constitutionality, there is no rational basis for the county road commission statute to mandate notice within sixty days. There are no facts either known or that could reasonably be assumed that indicate a road commission requires a shorter notice period than the state merely because it is responsible for rural roads. Accordingly, the sixty-day notice provision is unconstitutional, and the plaintiff's cause of action is subject to the 120-day provision.

3. *Hobbs* should not be overruled; rather, the doctrine of stare decisis mandates its reaffirmance. Despite the Legislature's ability to change the statutory language or disapprove of this Court's interpretation of MCL 691.1404; MSA 3.996(104), it has acquiesced in the *Hobbs* holding for over twenty years. When *Hobbs* was decided, the Court carefully examined the notice provision and the reasons justifying it and deliberately decided that actual prejudice to the governmental agency resulting from lack of notice within 120 days was the only legitimate purpose for the notice provision. It further decided that, unless actual prejudice is shown, a plaintiff's claim is not barred by failure to give notice within the requisite period. The continued validity of the rule will not result in injustice; rather, a reaffirmance of the rule will maintain the uniformity, certainty, and stability in the law of this state.

Reversed and remanded.

Justice RILEY, joined by Justice BOYLE, dissenting, stated that while the plaintiff must comply with the 120-day notice requirement, the requirement of showing prejudice to the governmental agency engrafted upon the statutory notice provision by *Hobbs* is insupportable and should be rejected. *Hobbs* should be overruled. On the basis of the facts of this case, proper application of the statute bars plaintiff's cause of action because he failed to provide the county road commission with notice of his claim within 120 days of

his injury. Although the Court of Appeals improperly concluded that the sixty-day notice provision governed, it properly upheld the trial court's grant of the road commission's motion for summary disposition.

The statutory provision at issue in this case is straightforward, clear, and unambiguous. However, in *Hobbs*, the Supreme Court specifically required a showing of prejudice to the state before enforcement of its notice provision. This "constitutional" requirement engrafted by the Court is illusory. When scrutinizing economic and social legislation, the Supreme Court must apply the rational basis standard of review. The only inquiry, then, is whether this social legislation creating a 120-day notice requirement has a rational basis. This particular legislation passes the minimal rational basis test. The Court in *Hobbs* was without authority to require a showing of prejudice in each case.

Justice WEAVER took no part in the decision of this case.

204 Mich App 574; 516 NW2d 121 (1994) reversed.

*Keller & Katkowsky, P.C.* (by *Lawrence S. Katkowsky*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg* and *Craig R. Noland*) for the defendant.

CAVANAGH, J. In this case, we granted leave to appeal to consider (1) whether the plaintiff's action is governed by the sixty-day notice provision of MCL 224.21; MSA 9.121 or the 120-day notice provision of MCL 691.1404; MSA 3.996(104), (2) whether our rule in *Hobbs v State Hwys Dep't*, 398 Mich 90; 247 NW2d 754 (1976), requiring a showing of prejudice, should be overruled, and (3) if we reaffirm *Hobbs*, whether there has been a showing of prejudice in the instant case. We hold that the 120-day notice provision applies in an action for personal injuries against a county road commission. Further, we reaffirm our decision in *Hobbs*, wherein this Court held that, absent a showing of actual prejudice to the governmental agency, the notice provision is not a bar to the

claim. Because the governmental agency has not shown prejudice from the plaintiff's failure to give notice within this period, we reverse the trial court's grant of summary disposition for the road commission, and remand the case for trial on the merits.

## I. FACTS

On June 12, 1988, plaintiff Billy D. Brown was riding his motorcycle through Filer City, Michigan, near Manistee when he lost control attempting to avert a pothole. He filed a complaint on June 11, 1990, against defendant Manistee County Road Commission, alleging that he sustained serious injuries.

Brown claimed that the defendant was negligent because it failed to maintain the surface of the road under its control. Sixty-one days after the accident occurred, the road commission resurfaced the road. However, there is no allegation that it knew about the accident when it resurfaced the road.

On September 5, 1991, the defendant moved for summary disposition pursuant to MCR 2.116(C)(7), claiming that the plaintiff failed to comply with the sixty-day notice requirement of MCL 224.21; MSA 9.121.[1] On November 5, 1991, the trial court held that the plaintiff was subject to the sixty-day notice provision, that the defendant was prejudiced by the plaintiff's failure to serve notice, and thus it granted the defendant's motion for summary disposition. The plaintiff appealed in the Court of Appeals, and the defendant cross appealed the decision of the trial court with respect to which notice provision gov-

---

[1] On March 18, 1991, the trial court denied a previous defense motion for summary disposition on the basis of the plaintiff's failure to comply with the 120-day notice requirement. MCL 691.1404; MSA 3.996(104).

erned. The Court of Appeals affirmed the decision of the lower court. 204 Mich App 574; 516 NW2d 121 (1994). We granted leave to appeal,[2] and reverse the decision of the Court of Appeals.

## II. THE 120-DAY PROVISION GOVERNS

We begin with the fundamental principle that governmental agencies are statutorily[3] immune from tort liability.[4] The Legislature has, however, provided exceptions to immunity, including liability for failure to properly maintain highways[5] and failure to maintain county roads[6] in reasonable repair. As a condition of this particular waiver of immunity, qualified by

---

[2] 449 Mich 860 (1995).

[3] Common-law sovereign immunity was abrogated by statute. *Pittman v City of Taylor*, 398 Mich 41; 247 NW2d 512 (1976).

[4] Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise of discharge of a governmental function. [MCL 691.1407(1); MSA 3.996(107)(1).]

For a review of sovereign immunity and its origins and development in this state, see *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 618; 363 NW2d 641 (1984).

[5] MCL 691.1402; MSA 3.996(102) provides in relevant part:

Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his or her property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him or her from the governmental agency. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.

[6] MCL 224.21; MSA 9.121 specifically addresses the county road commission's liability and states in relevant part:

*Hobbs*, the Legislature requires notice of the alleged injury and defect to be served on the appropriate governmental agency. However, the two potentially governing statutes in this case provide different notice periods. MCL 224.21;  MSA 9.121,  addressing county road commission liability, compels the injured party to file a notice of the claim with the clerk and the chairman of the board of county road commissioners within *sixty days* of the injury.[7] MCL 691.1404; MSA 3.996(104),  addressing the identical liability for the state, its political subdivisions (including county road  commissions),[8]  and  municipal  corpora-

---

It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel.

[7]   [N]o board of county road commissioners, subject to any liability under this section, shall be liable for damages sustained by any person upon any county road, either to his person or property, by reason of any defective county road, bridge or culvert under the jurisdiction of the board of county road commissioners, unless such person *shall serve or cause to be served within 60 days after such injury shall have occurred, a notice in writing upon the clerk and upon the chairman* of the board of county road commissioners of such board, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injuries as far as the same has become known, the names of the witnesses to said accident, if any, and that the person receiving such injury intends to hold such county liable for such damages as may have been sustained by him. It is the intention that the provisions of this section shall apply to all county roads whether such roads become county roads under chapter 4 of the general highway laws . . . . [Emphasis added.]

[8]   "Political subdivision" means any municipal corporation, county, county road commission, township, charter township, school district, community college district, port district, or metropolitan district, transportation authority, or any combination thereof . . . . [MCL 691.1401(b);  MSA 3.996(101)(b).]

tions,[9] requires the injured party to file a notice of the
claim with a governmental agency within *120 days* of
the injury.[10]

In the present case, the trial court denied the
defendant's motion for summary disposition on the
basis of plaintiff's failure to comply with the 120-day
notice provision. It held that the county *was not*
prejudiced by repavement of the road *before* the expi-
ration of the notice provision.[11] However, if the sixty-
day notice provision applies, the defendant may have
been prejudiced because after the road was repaved,
it was unable to photograph, examine or otherwise
evaluate plaintiff's claim. We, therefore, must deter-
mine with which notice provision the plaintiff was
required to comply. In doing so, we remain loyal to
this Court's recent commitment "to interpret the cur-

---

On July 1, 1986, the Legislature amended this definition to include
"county road commission." Actions against a county road commission
would seemingly be within the statute's purview. Notwithstanding this
amendment, a reference in MCL 691.1402; MSA 3.996(102) to MCL
224.21; MSA 9.121 for "liability, procedure and remedy as to county
roads under the jurisdiction of a county road commission" remains. This
language is clear and unambiguous, therefore, it is not susceptible to stat-
utory construction: "When a statute is clear and unambiguous, judicial
construction or interpretation is unnecessary and therefore, precluded."
*Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

[9]  "Municipal corporation" means any city, village, township or
charter township, or any combination thereof, when acting jointly.
[MCL 691.1401(a); MSA 3.996(101)(a).]

[10]  As a condition to any recovery for injuries sustained by reason
of any defective highway, the injured person, within 120 days from
the time the injury occurred, except as otherwise provided in sub-
section (3) shall serve a notice on the governmental agency of the
occurrence of the injury and the defect. The notice shall specify the
exact location and nature of the defect, the injury sustained and
the names of the witnesses known at the time by the claimant.
[MCL 691.1404(1); MSA 3.996(104)(1).]

[11] Defendant essentially prejudiced itself by repaving, albeit unknow-
ingly, before the expiration of the notice period in this particular case.

rent immunity statute and its exceptions in a manner consistent with the intent of the Legislature." *Scheurman v Dep't of Transportation*, 434 Mich 619, 627; 456 NW2d 66 (1990).

A

We have previously discerned the legislative intent "to provide uniform liability and immunity to both state and local government agencies." *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 614; 363 NW2d 641 (1984). We, therefore, note that the distinct notice periods in the two statutes are suspect because it is clear that MCL 691.1404; MSA 3.996(104) and MCL 224.21; MSA 9.121 govern identical causes of action for defective road and highway maintenance. By providing different notice periods, the legislation divides injured persons into two classes: those injured on a defective road controlled by a county road commission and those injured on a defective road controlled by other governmental agencies. Accordingly, we must determine whether this distinction implicates the Equal Protection Clause.[12]

Unless the legislation creates a "classification scheme," or "impinges upon the exercise of a fundamental right," it is "accorded a presumption of constitutionality, and is reviewed by applying a rational

---

[12] This is not the same equal protection issue raised in *Reich v State Hwy Dep't*, 386 Mich 617; 194 NW2d 700 (1972). In *Reich,* the Court held that the Equal Protection Clause was violated because notice requirements placed tortfeasors in two arbitrary classes: "private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed." *Id.* at 623. This Court is no longer persuaded that notice requirements are unconstitutional per se. *Hobbs, supra.*

basis standard."[13] *Doe v Dep't of Social Services,* 439 Mich 650, 662; 487 NW2d 166 (1992). This presumption requires the court to inquire whether " 'any state of facts either known or which could reasonably be assumed affords support' " for the distinction between the notice provisions. *Shavers v Attorney General,* 402 Mich 554, 613-614; 267 NW2d 72 (1978).[14]

The only purpose that this Court has been able to posit for a notice requirement is to prevent prejudice to the governmental agency:

> [A]ctual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision . . . . [*Hobbs, supra* at 96.]

Notice provisions, therefore, permit a governmental agency to gather evidence quickly in order to evaluate a claim. In contravention of the stated purpose of the notice provision in *Hobbs,* defendant claims that another purpose for the notice provision is to enable the county to remedy any road defects and prevent future injury. A county cannot be prejudiced with respect to the injured party's claim, as required by *Hobbs,* to enforce the notice provision because of the possibility of a future injury. A future injury does not affect a governmental agency's ability to defend itself against the original claim.

The notice provision has the same purpose, therefore, irrespective of whether the action is brought against the state, a city, township, or county road

---

[13] Social or economic legislation is generally subject to review under traditional equal protection tests, i.e., whether the legislation may be reasonably justified. *People v Perlos,* 436 Mich 305; 462 NW2d 310 (1990).

[14] Citing *United States v Carolene Products Co,* 304 US 144; 58 S Ct 778; 82 L Ed 1234 (1938).

commission. However, an injured person with a negligent highway cause of action against a "political subdivision" must comply with the 120-day notice provision in MCL 691.1404; MSA 3.996(104), whereas a person with an identical cause of action against a county road commission must comply with the sixty-day notice provision in MCL 224.21; MSA 9.121. Thus, a person injured in a county in which there is no county road commission would be required to file notice of the claim within 120 days, whereas an identical person injured in a county that has a county road commission would be required to provide notice within sixty days to the county road commissioner.

Therefore, despite a presumption of constitutionality, we are unable to perceive a rational basis for the county road commission statute to mandate notice of a claim within sixty days. During oral argument, attorney for defendant asserted that one could only "surmise" that the distinction is justified by the county road commission's responsibility for "many miles of rural road." However, we believe that there are no "facts either known or which could reasonably be assumed" that indicate a road commission requires a shorter notice period merely because it is responsible for rural roads.[15] *Shavers, supra* at 613-614. This fact bears no relationship to the stated purpose of the notice provision. There may be no dispute that the governmental agencies under MCL 691.1401(e); MSA 3.996(101)(e) are likewise responsible for many miles of rural roads, highways, and streets. Accordingly, the

---

[15] Moreover, this arbitrary distinction does not even apply to Wayne County.

distinct sixty-day notice provision required for claims against a county road commission is unconstitutional.

B

We must now determine whether the 120-day notice provision is reasonable. *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973). In *Carver*, the Court held that a notice provision with a legitimate purpose "does not necessarily violate the constitution." *Id.* at 100. The Court held, however, that "even though some notice requirement may be permitted, a particular provision may still be constitutionally deficient." *Id.* Upholding the six-month notice requirement of the accident claims act, MCL 257.1118; MSA 9.2818,[16] the Court also noted that a particular notice provision may be unreasonable if "the time specified in the notice [provision is] for an extremely short period . . . ." *Id.*

We do not believe that a 120-day notice provision is unreasonably short. Both the six-month notice provision in *Carver* and the present 120-day notice provision provide a claimant sufficient time to serve the governmental agency with notice of an alleged injury and corresponding defect. Our decision is clearly supported by this Court's subsequent decision in *Hobbs*, *supra*, in which we upheld the exact 120-day notice requirement of MCL 691.1404; MSA 3.996(104). Accordingly, we would hold that the plaintiff's cause of action is subject to the 120-day notice provision.

---

[16] This rationale applies equally to claims brought pursuant to the governmental liability act. *Hobbs, supra.*

### III. *HOBBS* IS REAFFIRMED

We do not agree with the conclusion of the dissenting opinion that *Hobbs* should be overruled; rather, the doctrine of stare decisis mandates its reaffirmance.[17] Additionally, despite the Legislature's ability to change the statutory language or disapprove of this Court's interpretation of § 4, it has acquiesced in the *Hobbs* decision for nearly twenty years.

This Court has stated on many occasions that " '[u]nder the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction should not be lightly departed.' " *Boyd v W G Wade Shows*, 443 Mich 515, 525, n 15; 505 NW2d 544 (1993), quoting *People v Jamieson*, 436 Mich 61, 79; 461 NW2d 884 (1990). Further, this Court has stated that it "will not overrule a decision deliberately made unless [it] is convinced not merely that the case was wrongly decided, but also that less injury would result from overruling than from following it." *Boyd* at 524 (citation omitted).

Moreover, this Court has consistently opined that, absent the rarest circumstances, we should remain faithful to established precedent. We have stated:

---

[17] In *Boyd v W G Wade Shows*, 443 Mich 515, 526, n 16; 505 NW2d 544 (1993), this Court quoted with approval *Burnet v Coronado Oil & Gas Co*, 285 US 393, 406; 52 S Ct 443; 76 L Ed 815 (1932) (Brandeis, J., dissenting), for the premise:

> "Stare decisis is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right. . . . This is commonly true even where the error is a matter of serious concern, provided correction can be had by legislation."

"The rule of stare decisis establishes uniformity, certainty, and stability in the law . . . . Only in the rare case when it is clearly apparent that an error has been made, or changing conditions result in injustice by the application of an outmoded rule, should we deviate from following the established rule." [*People v Collins*, 438 Mich 8, 41-42; 475 NW2d 684 (1991) (CAVANAGH, C.J., dissenting), quoting *Parker v Port Huron Hosp*, 361 Mich 1, 10; 105 NW2d 1 (1960).]

With these principles in mind, we do not believe that *Hobbs* should be overruled. When this Court decided *Hobbs* in 1976, it carefully examined the notice provision and the reasons justifying it. In that case, this Court deliberately decided that actual prejudice to the governmental agency resulting from lack of notice within 120 days was the only legitimate purpose it could posit for the notice provision. Further, this Court deliberately decided that, unless actual prejudice is shown, the plaintiff's claim is not barred by failure to give notice within the requisite period.

We are not convinced that *Hobbs* was wrongly decided. Further, we believe that more injury would result from overruling it than from following it. The rule in *Hobbs* has been an integral part of this state's governmental tort liability scheme for almost two decades. It should not be lightly discarded. Although the law of governmental tort liability in this state has changed over the years, the continued validity of the *Hobbs* rule will not result in injustice. Rather, a reaffirmance of the rule will maintain the uniformity, certainty, and stability in the law of this state.

Further, we emphasize that the Legislature has not changed the language of § 4 since *Hobbs* was

decided.[18] For decades, this Court has recognized that
stare decisis applies to decisions construing statutes,
especially where the Legislature acquiesces in this
Court's construction by its failure to change the lan-
guage of the construed statute. See *Boyd* at 525, cit-
ing *Consumers Power Co v Muskegon Co*, 346 Mich
243; 78 NW2d 223 (1956).   Further, this Court has
stated:

> "When, over a period of many years, the Legislature has
> acquiesced in this Court's construction of a statute, the judi-
> cial power to change that interpretation ought to be exer-
> cised with great restraint. On more than one occasion our
> Court has quoted with approval the statement that stare

---

[18] In *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973), this Court
held that notice provisions are not necessarily unconstitutional. The provi-
sion may be constitutional if there is a legitimate purpose for it, and if the
time specified is not an unreasonably short period. It was in *Carver* that
we recognized that a governmental agency could be prejudiced by a plain-
tiff's failure to give notice. We held that the governmental agency must
have the opportunity to show prejudice, and, if prejudice is shown, the
claim will be barred.

When *Hobbs* was decided three years later we held:

> The rationale of *Carver* is equally applicable to cases brought
> under the governmental liability act. Because actual prejudice to
> the state due to lack of notice within 120 days is the only legitimate
> purpose we can posit for this notice provision, absent a showing of
> such prejudice the notice provision contained in MCL 691.1404;
> MSA 3.996(104)  is not a bar to claims filed pursuant to MCL
> 691.1402; MSA 3.996(102). [*Id.* at 96.]

The difficulty we experienced in *Hobbs* was that we could not posit
another purpose for the notice provision other than to prevent prejudice
to the state. If the Legislature was not happy with our presumption, it
could have responded in some fashion to the *Hobbs* decision. It could
have further articulated the notice provision's purpose and possibly have
created a presumption of prejudice to the governmental agency from the
plaintiffs' failure to give notice within 120 days. However, not only has the
Legislature not attempted to revise the statute to respond to *Hobbs*, it
also has not even criticized *Hobbs* in later legislative enactments or amend-
ments in the almost twenty years since it was decided.

decisis 'is especially applicable where the construction placed on a statute by previous decisions has been long acquiesced in by the legislature, by its continued use or failure to change the language of the statute so construed, the power to change the law as interpreted being regarded, in such circumstances, as one to be exercised solely by the, legislature.' " [*Boyd* at 525-526, quoting *Dean v Chrysler Corp*, 434 Mich 655, 664; 455 NW2d 699 (1990), quoting *Consumers Power Co v Muskegon Co* at 251, quoting 21 CJS, Courts, § 214, pp 388-390. See also *In re Clayton Estate*, 343 Mich 101, 107; 72 NW2d 1 (1955).]

Because the Legislature has not reacted to this Court's interpretation of § 4 in the nearly twenty years since *Hobbs* was decided, we conclude that the Legislature has acquiesced in our interpretation of the statute. *Smith v Detroit*, 388 Mich 637, 650; 202 NW2d 300 (1972). Apparently, the Legislature has been content with the way this Court has interpreted § 4.[19]

IV. CONCLUSION

We reverse the holding of the Court of Appeals that the sixty-day provision applies, and hold that the 120-day notice provision applies to lawsuits against a county road commission. Further, we hold that *Hobbs* is still good law. Finally, we hold that the defendant road commission has not established that it has suffered prejudice from the plaintiff's failure to serve

---

[19] As this Court stated in *Sheppard v Michigan Nat'l Bank*, 348 Mich 577, 631-632; 83 NW2d 614 (1957), citing *Twork v Munising Paper Co*, 275 Mich 174, 178; 266 NW 311 (1936):

When the Supreme Court has placed an interpretation on a statute over a considerable period of years it may indulge in the judicial assumption that the legislature has been content with that interpretation because of its failure to exercise its independent prerogative to restate the provision.

notice within the 120-day period, because it repaved the road before the expiration of the notice period.

We remand for trial on the merits.

BRICKLEY, C.J., and LEVIN and MALLETT, JJ., concurred with CAVANAGH, J.

RILEY, J. (*dissenting*). Although I agree with the majority's conclusion that plaintiff must comply with the 120-day notice requirement, I dissent because I would reject the requirement of prejudice engrafted upon the statutory notice provision by *Hobbs v State Hwys Dep't*, 398 Mich 90; 247 NW2d 754 (1976). Accordingly, on the basis of the facts before the Court, I would hold that the statutory notice requirement bars plaintiff's cause of action. Although the Court of Appeals improperly concluded that the sixty-day notice provision governed, it properly upheld the trial court's grant of defendant's motion for summary disposition. Therefore, I would affirm the decision of the Court of Appeals on different grounds.

I

The statutory provision at issue in this case is straightforward, clear, and unambiguous. Nevertheless, this Court previously engrafted a requirement of prejudice upon it. The requirement has its origins in *Reich v State Hwy Dep't*, 386 Mich 617; 194 NW2d 700 (1972), in which this Court, in a *cursory* opinion, struck down the sixty-day notice requirement as violative of the Equal Protection Clauses of the state and federal constitutions. The Court reasoned that the notice requirement divided the natural class of victims of negligent tortfeasors into arbitrary subclasses: victims of governmental negligence who must meet

the notice requirement and victims of private negligence who are not subject to the notice requirement.

However, in *Carver v McKernan*, 390 Mich 96; 211 NW2d 24 (1973), the Court retreated from this position and held that notice provisions are not necessarily unconstitutional. The Court upheld the constitutionality of notice provisions in cases in which prejudice to the government for failure to give such notice could be demonstrated.

In the Court's subsequent decision in *Hobbs*, *supra* at 96, the Court upheld *Carver* and specifically required a showing of prejudice to the state before enforcement of the notice provision:

> Because actual prejudice to the state due to lack of notice within 120 days is the only legitimate purpose we can posit for this notice provision, absent a showing of such prejudice the notice provision contained in MCL 691.1404; MSA 3.996(104) is not a bar to claims filed pursuant to MCL 691.1402; MSA 3.996(102).

This "constitutional" requirement engrafted by the Court is illusory. I note that "[w]hen scrutinizing economic and social legislation, this Court applies the rational basis standard of review." *Downriver Plaza Group v Southgate*, 444 Mich 656, 666; 513 NW2d 807 (1994). The only inquiry, then, is whether this social legislation creating a 120-day notice requirement has a rational basis.

This particular legislation passes the minimal rational basis test, and the Court in *Hobbs* was without authority to require a showing of prejudice in each and every case. Notice provisions rationally and reasonably provide the state with the opportunity to investigate and evaluate a claim. The mere fact that in

some cases the legislation prevents prejudice to the government by itself is a rational basis. No further "constitutional" analysis is permitted. Certainly, if the Legislature may provide no recovery at all, it may place a condition on recovery, i.e., a *reasonable* notice provision.[1] The Court in *Carver* and *Hobbs* erred in that both failed to properly analyze this social legislation under the rational basis standard. Erroneously concluding that prejudice had to be shown in every case to preserve the legislation's constitutionality, the Court ignored the rational basis test and created the prejudice requirement.

The statute clearly survives rational basis scrutiny and, *is* constitutional. The statute, therefore, *must* be read and applied as written.[2] In contrast, this Court in *Hobbs* created a condition for the application of a notice requirement that is not supported by the language of the statute.

*Hobbs* is, therefore, in clear derogation of the fundamental precepts of statutory construction. I am unable to agree with this judicial intrusion into a leg-

---

[1] As noted by Justice COLEMAN in her dissent in *Hobbs*, unlike private tortfeasors, the state must consent to be sued. She noted that the Legislature placed conditions on its surrendering of a portion of its immunity, i.e., the claim must be brought in the Court of Claims, there is a two-year statute of limitations for injuries resulting from a defective highway, *and the governmental agency must be notified of the claim within 120 days of its occurrence.*

[2] "If the language used is clear and the meaning of the words chosen is unambiguous, a common-sense reading of the provision will suffice, and no interpretation is necessary." *Karl v Bryant Air Conditioning*, 416 Mich 558, 567; 331 NW2d 456 (1982) (citations omitted). The fundamental principles of statutory construction were best summarized in *Grand Traverse Co v State of Michigan*, 450 Mich 457, 464; 538 NW2d 1 (1995): "[O]ur duty is to give effect to the intent of the Legislature as expressed by the plain meaning of the statute."

islative function.[3] As Justice CARR noted in *Williams v Detroit*, 364 Mich 231, 235; 111 NW2d 1 (1961):

> The admission of the obvious fact that a change in the policy of governmental immunity from liability in cases of the nature here involved is within the scope of legislative authority carries with it the further admission that such action is not within the scope of judicial powers.

Although I agree with the result in *Hobbs* that notice provisions are constitutional, I cannot agree with its rationale. This conclusion remains loyal to our recent decision in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), where we stated that the grant of immunity "is expressed in the broadest possible language . . . ." *Id.* at 618. The statutory exceptions, however, are "narrowly drawn." *Id.* Plaintiff in this case is only able to bring his court action because the Legislature created an exception to governmental immunity. The Legislature requires timely notice of such a claim as quid pro quo for its relinquishment of immunity. I would uphold this notice requirement as written by the Legislature.

The majority relies on legislative acquiescence to uphold the *Hobbs* prejudice requirement.[4] This argu-

---

[3] Justice COLEMAN aptly noted that "the law does not permit amendment of legislation by court edict." *Kerkstra v State Hwy Dep't*, 398 Mich 103, 109; 247 NW2d 759 (1976) (COLEMAN, J, dissenting).

[4] The majority also relies in large part on principles of stare decisis. As this Court previously stated in *Wilson v Doehler-Jarvis*, 358 Mich 510, 514; 100 NW2d 226 (1960):

> Notwithstanding appellant's quoted understanding of the oft-discussed doctrine of *stare decisis*, this Court will not close its eyes to a possible error it may have committed in the past. We do not believe that the doctrine of *stare decisis* means that this Court and the evolution of the law should be controlled by the "dead hand

ment is wholly without merit. In *Hobbs*, the Court upheld the constitutionality of the 120-day notice provision provided that prejudice be read into the statute. To overcome the previously adjudged constitutional infirmities of notice requirements, the *Hobbs* Court simply held, albeit improperly, that actual prejudice to the state was the only legitimate purpose for the notice provision. Accordingly, the Court held that the requirement of prejudice saved the statute from constitutional infirmity. The Legislature, therefore, was without authority during the past twenty years to eliminate the prejudice requirement which the *Hobbs* Court engrafted upon the statute. The dissent's legislative acquiescence argument ignores the fundamental principle that "[c]onstruction of the constitution is the province of the courts and this Court's construction of a State constitutional provision is binding on all departments of government, including the legislature." *Richardson v Secretary of State*, 381 Mich 304, 309; 160 NW2d 883 (1968). Accordingly, principles of legislative acquiescence are not relevant to this case.[5]

II

While I agree that plaintiff's equal protection rights are violated by applying two distinct notice periods to

---

from the past." Nor do we believe that this Court must perpetuate error simply because it may have reached a wrong result in one of its earlier decisions.

Having concluded that this Court failed to apply the proper constitutional scrutiny, i.e., rational basis, and improperly engrafted a prejudice requirement, stare decisis is not a credible basis to perpetuate this error.

[5] As Justice CAVANAGH noted in *People v Bullock*, 440 Mich 15, 27; 485 NW2d 866 (1992), "this Court alone is the ultimate authority with regard to the meaning and application of Michigan law."

the same cause of action for defective road and highway maintenance, I am not persuaded that the rule in *Hobbs*, requiring a showing of prejudice to the governmental agency, is supportable and would therefore overrule that decision. Proper application of the statute bars plaintiff's cause of action because he failed to provide the county road commission with notice of his claim within 120 days of his injury. Accordingly, the decision of the Court of Appeals should be affirmed on different grounds.

BOYLE, J., concurred with RILEY, J.

WEAVER, J., took no part in the decision of this case.