BLOHM v EMMET COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS

Docket No. 185565. Submitted September 17, 1996, at Lansing. Decided
    May 9, 1997, at 9:20 A.M. Leave to appeal sought.

Adelaide A. Blohm, as personal representative of the estate of Paul
    Blohm, brought a wrongful death action against the Emmet County
    Board of County Road Commissioners, alleging liability pursuant to
    the highway exception to governmental immunity for the negligent
    design of a road maintained by the defendant, in connection with
    the death of the decedent from injuries sustained in an automobile
    accident while a passenger of an intoxicated motorist. The court,
    Charles W. Johnson, J., granted summary disposition for the
    defendant, ruling that MCL 691.1404(1),(3); MSA 3.996(104)(1),(3)
    required notice to the defendant of the accident and the alleged
    highway defect within 180 days of the plaintiff's appointment as
    personal representative, that the plaintiff failed to provide such
    notice, and that the defendant was prejudiced by the lack of notice.
    The plaintiff appealed.

    The Court of Appeals *held*:

    1. The statute providing the highway exception to governmental
immunity requires that the governmental agency having jurisdiction
of the highway in question be given notice of the claimed injury
and highway defect within 120 days of the injury, MCL 691.140 i(1);
MSA 3.996(104)(1). Where the injured person is physically or men-
tally incapable of giving notice, MCL 691.1404(3); MSA
3.996(104)(3) requires that notice be provided within 180 days of
the termination of the disability. In this case, the disability was ter-
minated upon the plaintiff's appointment as personal representative
of the estate of the decedent, so notice was required within 180
days of plaintiff's appointment.

    2. The trial court correctly ruled that the defendant was
prejudiced by the lack of notice. Had notice been provided, the
defendant could have preserved photographs taken of the accident
site on the day after the accident, possibly could have located the
automobile involved in the accident for accident reconstruction,
and could have undertaken a more thorough investigation to pre-

pare for a lawsuit rather than just conducting a routine investigation of the accident.

Affirmed.

Jansen, J., dissenting in part, stated that the defendant has not shown actual prejudice from the lack of notice in this case. The defendant has ample evidence of a viable defense in light of the investigation that was conducted and in light of the driver's intoxication. The order granting summary disposition in favor of the defendant should be reversed and the matter should be remanded for further proceedings.

Governmental Immunity — Highway Exception — Notice — Wrongful Death Actions.

Notice of injury and highway defect to the governmental agency with jurisdiction over the highway must be given within the time specified by the statute providing the highway exception to governmental immunity in a wrongful death action in which governmental liability for highway defect is claimed; lack of notice will not bar an action absent a showing of actual prejudice to the governmental agency (MCL 600.2922[1], [2]; 691.1404[1], [3]; MSA 27A.2922[1], [2]; 3.996[104][1], [3]).

*Frank G. Becker & Associates, P.C.* (by *Frank G. Becker*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for the defendant.

Before: MacKenzie, P.J., and Jansen and T. R. Thomas*, JJ.

MacKenzie, P.J. Plaintiff appeals as of right from a March 22, 1995, order of the Emmet Circuit Court granting summary disposition in favor of defendant. We affirm.

This case arises from an automobile accident that occurred on May 2, 1992, at approximately 1:55 A.M. Plaintiff's decedent, her husband, was a passenger in a car driven by their son, Bradley. As Bradley was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

driving on Mitchell Road in Springvale Township, he apparently was unable to negotiate a sharp downhill curve. The car crossed onto the paved shoulder and over a grass strip. It then became airborne and rolled over several times. The decedent, Paul Blohm, who was not wearing his seat belt, was thrown from the car, and the car eventually landed on top of him, killing him. It was also determined that Bradley had a blood alcohol level of 0.20 percent and the decedent had a blood alcohol level of 0.15 percent.

Plaintiff was appointed the personal representative of the estate of Paul Blohm on October 8, 1992. On April 8, 1994, plaintiff filed her complaint against defendant and Emmet County. On April 10, 1995, the county was dismissed with prejudice by stipulation of the parties. In her complaint, plaintiff alleged that defendant violated its duty to maintain and design the road in a safe manner, alleging that the road was designed with a hazardous curve, without barriers, warnings, or signage, and without adequate grading and lighting near the curve. Defendant moved for summary disposition, arguing that the claim was barred by governmental immunity and that the claim was barred because plaintiff failed to comply with the notice provision of MCL 691.1404; MSA 3.996(104). The trial court granted summary disposition for defendant on the basis that plaintiff failed to comply with the notice provision and that defendant was prejudiced as a result.

On appeal, plaintiff argues that the trial court erred in granting summary disposition in favor of defendant. Plaintiff argues that the notice provision regarding a defective highway claim does not apply to a claim involving death, and, in the alternative, that

defendant was not prejudiced by her failure to comply with the notice requirement.

We first address plaintiff's argument that the notice provision does not apply to a wrongful death claim. The trial court ruled that the notice requirement applied to a wrongful death claim, and it held that the 180-day provision found in MCL 691.1404(3); MSA 3.996(104)(3) applied. We agree with the trial court.

Plaintiff's claim is premised on the highway exception to governmental immunity, MCL 691.1402; MSA 3.996(102). Pursuant to MCL 691.1404(1); MSA 3.996(104)(1), an injured person must serve notice on the governmental agency of the occurrence of the injury and defect within 120 days of the injury. However, under MCL 691.1404(3); MSA 3.996(104)(3), the notice requirement is extended to 180 days from the date of the injury for injured persons under the age of eighteen or, if the person is physically or mentally incapable of giving notice, 180 days after the termination of the disability. The trial court ruled that because the decedent was physically incapable of giving notice, the 180-day provision applied.

This Court has held that representatives of persons sustaining bodily injuries resulting in death may sue for negligence in failing to keep highways in reasonable repair and in a safe condition under the highway exception to governmental immunity. *Pagano v Dep't of State Hwys*, 76 Mich App 569, 572-573; 257 NW2d 172 (1977); *Phelps v Dep't of State Hwys*, 75 Mich App 442, 446-447; 254 NW2d 923 (1977). Because a wrongful death action may be brought under MCL 691.1402; MSA 3.996(102), it follows that the notice provision of MCL 691.1404; MSA 3.996(104) applies to a wrongful death action brought under the highway exception to

governmental immunity. Moreover, our Supreme Court has applied the notice requirement to wrongful death cases brought under the highway exception. See *Hobbs v Dep't of State Hwys*, 398 Mich 90; 247 NW2d 754 (1976); *Kerkstra v Dep't of State Hwys*, 398 Mich 103; 247 NW2d 759 (1976). The trial court's ruling that the 180-day provision applied because Paul Blohm was physically incapable of giving notice was correct. Because Paul Blohm was physically incapable of giving notice, the time limit of 180 days set forth in MCL 691.1404(3); MSA 3.996(104)(3) applies once the disability of death is removed by the appointment of a personal representative. See MCL 600.2922(1), (2); MSA 27A.2922(1), (2) and *DiPonio v Henry Ford Hosp*, 109 Mich App 243, 251-252; 311 NW2d 754 (1981). The personal representative in this case was appointed on October 8, 1992, and the complaint was filed on April 8, 1994. Therefore, no notice was given to defendant within 180 days of October 8, 1992. Accordingly, the trial court did not err in applying the 180-day notice provision to plaintiff's wrongful death claim.

Next, plaintiff argues that the trial court erred in ruling that defendant was prejudiced by her failure to comply with the notice requirement.

In *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 (1996), our Supreme Court recently readdressed the prejudice requirement of the notice provision. In *Brown*, the Supreme Court reaffirmed its decision in *Hobbs, supra*, where it held that, absent a showing of actual prejudice to the governmental agency, the notice provision is not a bar to the plaintiff's claim. *Brown, supra*, pp 356-357. Therefore, the holdings of both *Hobbs* and *Brown* require that

the governmental agency must show actual prejudice from the plaintiff's failure to give notice of the occurrence of the injury and defect. The trial court in the present case concluded that actual prejudice had been established because (1) there was a nearly two-year passage of time between the accident and the filing of the complaint (which was four times the length of time that would otherwise be allowed for notice of this type of incident), (2) memories would have faded during that period, (3) the vehicle involved in the accident was no longer available for analysis, (4) photographs taken by the sheriff's department had been destroyed, and (5) any markings on the road would have worn away.

Notice provisions permit a governmental agency to be apprised of possible litigation against it and to be able to investigate and gather evidence quickly in order to evaluate a claim. *Brown, supra,* p 362; *Hussey v Muskegon Heights,* 36 Mich App 264; 193 NW2d 421 (1971). Prejudice refers to " 'a matter which would prevent a party from having a fair trial, or matter which he could not properly contest,' " *Boje v Wayne Co General Hosp,* 157 Mich App 700, 708; 403 NW2d 203 (1987), quoting from *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). See also *Midura v Lincoln Consolidated Schools,* 111 Mich App 558, 562; 314 NW2d 691 (1981).

In this case we must look at proximate cause. The claim against defendant is that the curve in the road was hazardous. Defendant's general investigation of the curve, accomplished by videotaped test, was not specific with respect to why or how the accident at issue occurred. Even if the curve was hazardous, such a hazard was not necessarily a proximate cause

of the accident at issue. The blood alcohol level of
the driver—0.20 percent seven hours after the acci-
dent — and the speed at which the vehicle was being
driven, may have caused or contributed to the
accident.

By the time plaintiff filed her complaint, the vehicle
involved in the accident could not be located, and the
photographs taken by the sheriff's department the day
after the accident had been destroyed. Had plaintiff
filed her complaint within 180 days of her appoint-
ment as personal representative, presumably the pho-
tographs would not have been destroyed and it might
have been possible to locate the vehicle. Had defend-
ant been able to inspect the vehicle, it may have been
able to determine through accident reconstruction
and vehicle crush damage what happened to the vehi-
cle, where it was damaged, how much it was dam-
aged, and at what speed it was traveling at the time
the driver lost control and went off the road. Given
the fact that the driver was legally drunk, it cannot be
assumed that he was driving safely and at posted
speeds. Likewise, the missing photographs could have
been utilized by defendant to reconstruct some of the
officer's measurements of the path and distance of
travel, as well as the dynamics that the vehicle went
through from the time control was lost to the time
the vehicle came to rest. The photographs attached to
the affidavit of Roy Rodd, taken more than two years
*after* the accident, are not the missing police photo-
graphs and have limited value to defendant in defend-
ing against a hazardous road claim.

In addition, the sheriff's department photographs
were destroyed *before* the complaint was filed in this
case. A review of the record shows that the accident

occurred on May 2, 1992, the complaint was filed on
April 8, 1994, but *defendant was not served until
June 15, 1994*—two months past the two-year mark
(at which the sheriff's department routinely disposes
of photographs). Defendant could not, and should not
be expected to, anticipate legal action in order to pre-
serve evidence. Plaintiff's argument that defendant
has not shown that the destroyed photographs would
have aided its defense is without merit. As defendant
points out, it cannot affirmatively demonstrate that
lost evidence would aid it for the very reason that it
has been lost.

A videotape depicting a drive through the area
where the accident occurred was apparently made on
May 8, 1992, and plaintiff claims that this videotape
could be used as evidence. However, the videotape
was taken for the purpose of documenting the area in
which the accident occurred; it was not done as part
of an investigation to prepare for a lawsuit. Had
defendant been timely put on notice, it could have
hired experts to investigate the scene. The videotape
would show where the car left the road, but little
more. Therefore, while defendant may have filmed
the area in general, it is with regard to the specifics of
this accident that defendant is grappling.

Plaintiff contends that because the purpose of
notice provisions is to permit a governmental agency
to gather evidence quickly, and because sheriff's dep-
uties did, in fact, investigate the accident and collect
*some* evidence, there is no prejudice. However, when
the sheriff's department conducted its investigation of
this accident, it was investigating an accident where a
drunken driver ran off the road. Had defendant been
timely notified of plaintiff's intent to sue on a hazard-

ous road theory, a more thorough investigation could have been done—an investigation that, because of lost evidence, can no longer be conducted. Governmental entities are rarely in a financial position to investigate each and every accident in such detail as they would when defending against a lawsuit, and we decline to impose such a burden on them.

Although plaintiff contests that there was not enough of a showing of prejudice, plaintiff does not articulate a standard for showing prejudice and does not, other than by mere speculation, contest that there was prejudice. We conclude that defendant was prejudiced by the delay in plaintiff's filing of her complaint, and the trial court correctly granted summary disposition.

Affirmed.

T. R. THOMAS, J., concurred.

JANSEN, J. *(concurring in part and dissenting in part)*. I concur with the majority that the notice provision regarding a defective highway claim applies to a claim involving death and that the 180-day provision in MCL 691.1404(3); MSA 3.996(104)(3) applies to this case for the reasons set forth by the majority. However, I respectfully dissent from the decision that defendant was actually prejudiced by plaintiff's failure to comply with the 180-day notice provision in this case. Defendant has not met its burden of showing actual prejudice in this case because it still has a valid and viable defense.

On appeal, plaintiff argues that defendant was not prejudiced by her failure to comply with the notice requirement. Our Supreme Court has recently readdressed the prejudice requirement of the notice

provision in *Brown v Manistee Co Rd Comm*, 452 Mich 354; 550 NW2d 215 · (1996). In *Brown*, our Supreme Court reaffirmed its decision in *Hobbs v Dep't of State Hwys*, 398 Mich 90; 247 NW2d 754 (1976), where it held that, absent a showing of actual prejudice to the governmental agency, the notice provision is not a bar to the plaintiff's claim. *Brown*, *supra*, pp 356-357. Therefore, the holdings of both *Hobbs* and *Brown* require the governmental agency to show actual prejudice from the plaintiff's failure to give notice of the occurrence of the injury and defect. In *Brown, supra*, pp 368-369, the Court specifically held that the defendant road commission had not established that it suffered prejudice from the plaintiff's failure to serve notice within the 120-day period because the road commission repaved the road before the expiration of the notice period.

The trial court in the present case concluded that prejudice had been established because two years had passed between the accident and the filing of the complaint, which was four times the length of the notice period. The trial court further stated that memories would have faded during that period, that the vehicle was no longer available for analysis, that photographs taken by the sheriff's department had been destroyed, and that any markings on the road would have worn away. However, a closer inspection of the lower court record leads me to conclude that defendant has not been prejudiced by plaintiff's failure to give it notice of the occurrence and defect within 180 days.

In this case, the accident occurred on May 2, 1992, at approximately 1:55 A.M. Immediately after the accident, deputies from the sheriff's department were dis-

patched to the scene. A detailed report of the accident was completed by the deputies and is part of the lower court record. Presumably, those deputies can testify regarding their findings about the scene. Further, there is no dispute that the curve of the road remains the same as at the time of the accident. The day after the accident, photographs of the scene were taken. Defendant states that those photographs have been destroyed because they are routinely destroyed two years after the accident. If that is true, then the photographs were destroyed *after* the complaint was filed in this case because the complaint was filed less than two years after the accident. A review of the lower court record indicates that there are photographs (attached to the affidavit of Roy Rodd, engineer/manager of the Emmet County Road Commission) of the road taken on June 27, 1994. Moreover, a videotape depicting a drive through the area where the accident occurred was made on May 8, 1992. Plaintiff claims that the videotape is still in the possession of defendant, and defendant does not dispute this on appeal. Additionally, the driver of the car, Bradley Blohm, was not killed and presumably can also testify regarding the accident. I further note that while the vehicle is unavailable for analysis, this case concerns plaintiff's allegation that the curve in the road constituted a defective design and was hazardous.

In addition, it is the plaintiff's burden to prove a prima facie case. Notice provisions are designed to permit a governmental agency to gather evidence quickly in order to evaluate a claim. *Brown, supra,* p 362. In fact, our Supreme Court has stated that "[t]he *only* purpose that this Court has been able to posit

for a notice requirement is to prevent prejudice to the governmental agency." *Id.* (emphasis added). In light of this purpose of the notice provision, there has been no prejudice to defendant. Sheriff's deputies did, in fact, investigate the accident shortly after it occurred and there are records of those findings, including the deputies' memories of their findings. Also, I cannot conclude that defendant has been deprived of its opportunity to defend against the claim. There is record evidence that Bradley Blohm was intoxicated at the time of the accident (with a blood alcohol content of 0.20 percent), that Paul Blohm was also intoxicated (with a blood alcohol content of 0.15 percent), and that Paul was not wearing his seat belt when he was thrown from the car. Further, the police report indicates that Bradley was speeding at the time he lost control of the car. Contrary to its claim, defendant can most definitely present a defense that the curve in the road was not a proximate cause of the accident.

Under these circumstances, I cannot agree that defendant has shown actual prejudice from plaintiff's failure to file a notice within 180 days of her appointment as personal representative of decedent's estate. There is ample evidence by which defendant can present a viable defense to this case. Accordingly, I would hold that plaintiff's claim is not barred by the 180-day notice provision of MCL 691.1404(3); MSA 3.996(104)(3).

I would reverse the trial court's order granting summary disposition in favor of defendant and remand for further proceedings.