565 N.W.2d 924 (1997)
223 Mich. App. 383
Adelaide Annette BLOHM, Personal Representative of the Estate of Paul Blohm, Plaintiff-Appellant,
v.
EMMET COUNTY BOARD OF COUNTY ROAD COMMISSIONERS, Defendant-Appellee.
Docket No. 185565.
Court of Appeals of Michigan.
Submitted September 17, 1996, at Lansing.
Decided May 9, 1997, at 9:20 a.m.
Released for Publication July 16, 1997.
Frank G. Becker & Associates, P.C. by Frank G. Becker, Southfield, for Plaintiff-Appellant.
Smith, Haughey, Rice & Roegge by Jon D. Vender Ploeg, Grand Rapids, for Defendant-Appellee.
Before MacKENZIE, P.J., and JANSEN and T.R. THOMAS[*], JJ.
*925 MacKENZIE, Presiding Judge.
Plaintiff appeals as of right from a March 22, 1995, order of the Emmet Circuit Court granting summary disposition in favor of defendant. We affirm.
This case arises from an automobile accident that occurred on May 2, 1992, at approximately 1:55 a.m. Plaintiff's decedent, her husband, was a passenger in a car driven by their son, Bradley. As Bradley was driving on Mitchell Road in Springvale Township, he apparently was unable to negotiate a sharp downhill curve. The car crossed onto the paved shoulder and over a grass strip. It then became airborne and rolled over several times. The decedent, Paul Blohm, who was not wearing his seat belt, was thrown from the car, and the car eventually landed on top of him, killing him. It was also determined that Bradley had a blood alcohol level of 0.20 percent and the decedent had a blood alcohol level of 0.15 percent.
Plaintiff was appointed the personal representative of the estate of Paul Blohm on October 8, 1992. On April 8, 1994, plaintiff filed her complaint against defendant and Emmet County. On April 10, 1995, the county was dismissed with prejudice by stipulation of the parties. In her complaint, plaintiff alleged that defendant violated its duty to maintain and design the road in a safe manner, alleging that the road was designed with a hazardous curve, without barriers, warnings, or signage, and without adequate grading and lighting near the curve. Defendant moved for summary disposition, arguing that the claim was barred by governmental immunity and that the claim was barred because plaintiff failed to comply with the notice provision of M.C.L. § 691.1404; M.S.A. § 3.996(104). The trial court granted summary disposition for defendant on the basis that plaintiff failed to comply with the notice provision and that defendant was prejudiced as a result.
On appeal, plaintiff argues that the trial court erred in granting summary disposition in favor of defendant. Plaintiff argues that the notice provision regarding a defective highway claim does not apply to a claim involving death, and, in the alternative, that defendant was not prejudiced by her failure to comply with the notice requirement.
We first address plaintiff's argument that the notice provision does not apply to a wrongful death claim. The trial court ruled that the notice requirement applied to a wrongful death claim, and it held that the 180-day provision found in M.C.L. § 691.1404(3); M.S.A. § 3.996(104)(3) applied. We agree with the trial court.
Plaintiff's claim is premised on the highway exception to governmental immunity, M.C.L. § 691.1402; M.S.A. § 3.996(102). Pursuant to M.C.L. § 691.1404(1); M.S.A. § 3.996(104)(1), an injured person must serve notice on the governmental agency of the occurrence of the injury and defect within 120 days of the injury. However, under M.C.L. § 691.1404(3); M.S.A. § 3.996(104)(3), the notice requirement is extended to 180 days from the date of the injury for injured persons under the age of eighteen or, if the person is physically or mentally incapable of giving notice, 180 days after the termination of the disability. The trial court ruled that because the decedent was physically incapable of giving notice, the 180-day provision applied.
This Court has held that representatives of persons sustaining bodily injuries resulting in death may sue for negligence in failing to keep highways in reasonable repair and in a safe condition under the highway exception to governmental immunity. Pagano v. Dep't of State Hwys., 76 Mich.App. 569, 572-573, 257 N.W.2d 172 (1977); Phelps v. Dep't of State Hwys., 75 Mich.App. 442, 446-447, 254 N.W.2d 923 (1977). Because a wrongful death action may be brought under M.C.L. § 691.1402; M.S.A. § 3.996(102), it follows that the notice provision of M.C.L. § 691.1404; M.S.A. § 3.996(104) applies to a wrongful death action brought under the highway exception to governmental immunity. Moreover, our Supreme Court has applied the notice requirement to wrongful death cases brought under the highway exception. See Hobbs v. Dep't of State Hwys., 398 Mich. 90, 247 N.W.2d 754 (1976); Kerkstra v. Dep't of State Hwys., 398 Mich. 103, 247 N.W.2d 759 (1976). The trial court's ruling that the 180-day provision applied because *926 Paul Blohm was physically incapable of giving notice was correct. Because Paul Blohm was physically incapable of giving notice, the time limit of 180 days set forth in M.C.L. § 691.1404(3); M.S.A. § 3.996(3) applies once the disability of death is removed by the appointment of a personal representative. See M.C.L. § 600.2922(1), (2); M.S.A. § 27A.2922(1), (2) and DiPonio v. Henry Ford Hosp., 109 Mich.App. 243, 251-252, 311 N.W.2d 754 (1981). The personal representative in this case was appointed on October 8, 1992, and the complaint was filed on April 8, 1994. Therefore, no notice was given to defendant within 180 days of October 8, 1992. Accordingly, the trial court did not err in applying the 180-day notice provision to plaintiff's wrongful death claim.
Next, plaintiff argues that the trial court erred in ruling that defendant was prejudiced by her failure to comply with the notice requirement.
In Brown v. Manistee Co. Rd. Comm., 452 Mich. 354, 550 N.W.2d 215 (1996), our Supreme Court recently readdressed the prejudice requirement of the notice provision. In Brown, the Supreme Court reaffirmed its decision in Hobbs, supra, where it held that, absent a showing of actual prejudice to the governmental agency, the notice provision is not a bar to the plaintiff's claim. Brown, supra, pp. 356-357, 550 N.W.2d 215. Therefore, the holdings of both Hobbs and Brown require that the governmental agency must show actual prejudice from the plaintiff's failure to give notice of the occurrence of the injury and defect. The trial court in the present case concluded that actual prejudice had been established because (1) there was a nearly two-year passage of time between the accident and the filing of the complaint (which was four times the length of time that would otherwise be allowed for notice of this type of incident), (2) memories would have faded during that period, (3) the vehicle involved in the accident was no longer available for analysis, (4) photographs taken by the sheriff's department had been destroyed, and (5) any markings on the road would have worn away.
Notice provisions permit a governmental agency to be apprised of possible litigation against it and to be able to investigate and gather evidence quickly in order to evaluate a claim. Brown, supra, p. 362, 550 N.W.2d 215; Hussey v. Muskegon Heights, 36 Mich.App. 264, 193 N.W.2d 421 (1971). Prejudice refers to "a matter which would prevent a party from having a fair trial, or matter which he could not properly contest,' "Boje v. Wayne Co. General Hosp., 157 Mich.App. 700, 708, 403 N.W.2d 203 (1987), quoting from Ben P Fyke & Sons v. Gunter Co., 390 Mich. 649, 213 N.W.2d 134 (1973). See also Midura v. Lincoln Consolidated Schools, 111 Mich.App. 558, 562, 314 N.W.2d 691 (1981).
In this case we must look at proximate cause. The claim against defendant is that the curve in the road was hazardous. Defendant's general investigation of the curve, accomplished by videotaped test, was not specific with respect to why or how the accident at issue occurred. Even if the curve was hazardous, such a hazard was not necessarily a proximate cause of the accident at issue. The blood alcohol level of the driver 0.20 percent seven hours after the accident and the speed at which the vehicle was being driven, may have caused or contributed to the accident.
By the time plaintiff filed her complaint, the vehicle involved in the accident could not be located, and the photographs taken by the sheriff's department the day after the accident had been destroyed. Had plaintiff filed her complaint within 180 days of her appointment as personal representative, presumably the photographs would not have been destroyed and it might have been possible to locate the vehicle. Had defendant been able to inspect the vehicle, it may have been able to determine through accident reconstruction and vehicle crush damage what happened to the vehicle, where it was damaged, how much it was damaged, and at what speed it was traveling at the time the driver lost control and went off the road. Given the fact that the driver was legally drunk, it cannot be assumed that he was driving safely and at posted speeds. Likewise, the missing photographs could have been utilized by defendant to reconstruct some of the officer's measurements of the path and distance of travel, as *927 well as the dynamics that the vehicle went through from the time control was lost to the time the vehicle came to rest. The photographs attached to the affidavit of Roy Rodd, taken more than two years after the accident, are not the missing police photographs and have limited value to defendant in defending against a hazardous road claim.
In addition, the sheriff's department photographs were destroyed before the complaint was filed in this case. A review of the record shows that the accident occurred on May 2, 1992, the complaint was filed on April 8, 1994, but defendant was not served until June 15, 1994two months past the two-year mark (at which the sheriff's department routinely disposes of photographs). Defendant could not, and should not be expected to, anticipate legal action in order to preserve evidence. Plaintiff's argument that defendant has not shown that the destroyed photographs would have aided its defense is without merit. As defendant points out, it cannot affirmatively demonstrate that lost evidence would aid it for the very reason that it has been lost.
A videotape depicting a drive through the area where the accident occurred was apparently made on May 8, 1992, and plaintiff claims that this videotape could be used as evidence. However, the videotape was taken for the purpose of documenting the area in which the accident occurred; it was not done as part of an investigation to prepare for a lawsuit. Had defendant been timely put on notice, it could have hired experts to investigate the scene. The videotape would show where the car left the road, but little more. Therefore, while defendant may have filmed the area in general, it is with regard to the specifics of this accident that defendant is grappling.
Plaintiff contends that because the purpose of notice provisions is to permit a governmental agency to gather evidence quickly, and because sheriff's deputies did, in fact, investigate the accident and collect some evidence, there is no prejudice. However, when the sheriff's department conducted its investigation of this accident, it was investigating an accident where a drunken driver ran off the road. Had defendant been timely notified of plaintiff's intent to sue on a hazardous road theory, a more thorough investigation could have been donean investigation that, because of lost evidence, can no longer be conducted. Governmental entities are rarely in a financial position to investigate each and every accident in such detail as they would when defending against a lawsuit, and we decline to impose such a burden on them.
Although plaintiff contests that there was not enough of a showing of prejudice, plaintiff does not articulate a standard for showing prejudice and does not, other than by mere speculation, contest that there was prejudice. We conclude that defendant was prejudiced by the delay in plaintiff's filing of her complaint, and the trial court correctly granted summary disposition.
Affirmed.
T.R. THOMAS, J., concurs.
JANSEN, Judge (concurring in part and dissenting in part).
I concur with the majority that the notice provision regarding a defective highway claim applies to a claim involving death and that the 180-day provision in M.C.L. § 691.1404(3); M.S.A. § 3.996(104)(3) applies to this case for the reasons set forth by the majority. However, I respectfully dissent from the decision that defendant was actually prejudiced by plaintiff's failure to comply with the 180-day notice provision in this case. Defendant has not met its burden of showing actual prejudice in this case because it still has a valid and viable defense.
On appeal, plaintiff argues that defendant was not prejudiced by her failure to comply with the notice requirement. Our Supreme Court has recently readdressed the prejudice requirement of the notice provision in Brown v. Manistee Co. Rd. Comm., 452 Mich. 354, 550 N.W.2d 215 (1996). In Brown, our Supreme Court reaffirmed its decision in Hobbs v. Dep't of State Hwys., 398 Mich. 90, 247 N.W.2d 754 (1976), where it held that, absent a showing of actual prejudice to the governmental agency, the notice provision is not a bar to the plaintiff's claim. Brown, supra, pp. 356-357, 550 N.W.2d 215. Therefore, the holdings of both Hobbs and Brown require *928 the governmental agency to show actual prejudice from the plaintiff's failure to give notice of the occurrence of the injury and defect. In Brown, supra, pp. 368-369, 550 N.W.2d 215, the Court specifically held that the defendant road commission had not established that it suffered prejudice from the plaintiff's failure to serve notice within the 120-day period because the road commission repaved the road before the expiration of the notice period.
The trial court in the present case concluded that prejudice had been established because two years had passed between the accident and the filing of the complaint, which was four times the length of the notice period. The trial court further stated that memories would have faded during that period, that the vehicle was no longer available for analysis, that photographs taken by the sheriff's department had been destroyed, and that any markings on the road would have worn away. However, a closer inspection of the lower court record leads me to conclude that defendant has not been prejudiced by plaintiff's failure to give it notice of the occurrence and defect within 180 days.
In this case, the accident occurred on May 2, 1992, at approximately 1:55 a.m. Immediately after the accident, deputies from the sheriff's department were dispatched to the scene. A detailed report of the accident was completed by the deputies and is part of the lower court record. Presumably, those deputies can testify regarding their findings about the scene. Further, there is no dispute that the curve of the road remains the same as at the time of the accident. The day after the accident, photographs of the scene were taken. Defendant states that those photographs have been destroyed because they are routinely destroyed two years after the accident. If that is true, then the photographs were destroyed after the complaint was filed in this case because the complaint was filed less than two years after the accident. A review of the lower court record indicates that there are photographs (attached to the affidavit of Roy Rodd, engineer/manager of the Emmet County Road Commission) of the road taken on June 27, 1994. Moreover, a videotape depicting a drive through the area where the accident occurred was made on May 8, 1992. Plaintiff claims that the videotape is still in the possession of defendant, and defendant does not dispute this on appeal. Additionally, the driver of the car, Bradley Blohm, was not killed and presumably can also testify regarding the accident. I further note that while the vehicle is unavailable for analysis, this case concerns plaintiff's allegation that the curve in the road constituted a defective design and was hazardous.
In addition, it is the plaintiff's burden to prove a prima facie case. Notice provisions are designed to permit a governmental agency to gather evidence quickly in order to evaluate a claim. Brown, supra, p. 362, 550 N.W.2d 215. In fact, our Supreme Court has stated that "[t]he only purpose that this Court has been able to posit for a notice requirement is to prevent prejudice to the governmental agency." Id. (emphasis added). In light of this purpose of the notice provision, there has been no prejudice to defendant. Sheriff's deputies did, in fact, investigate the accident shortly after it occurred and there are records of those findings, including the deputies' memories of their findings. Also, I cannot conclude that defendant has been deprived of its opportunity to defend against the claim. There is record evidence that Bradley Blohm was intoxicated at the time of the accident (with a blood alcohol content of 0.20 percent), that Paul Blohm was also intoxicated (with a blood alcohol content of 0.15 percent), and that Paul was not wearing his seat belt when he was thrown from the car. Further, the police report indicates that Bradley was speeding at the time he lost control of the car. Contrary to its claim, defendant can most definitely present a defense that the curve in the road was not a proximate cause of the accident.
Under these circumstances, I cannot agree that defendant has shown actual prejudice from plaintiff's failure to file a notice within 180 days of her appointment as personal representative of decedent's estate. There is *929 ample evidence by which defendant can present a viable defense to this case. Accordingly, I would hold that plaintiff's claim is not barred by the 180-day notice provision of M.C.L. § 691.1404(3); M.S.A. § 3.996(104)(3).
I would reverse the trial court's order granting summary disposition in favor of defendant and remand for further proceedings.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.