*764 Cavanagh, J.
(dissenting). This case presents an issue of statutory interpretation that this Court analyzed and decided eight years ago: the correct interpretation of MCL 418.301(2). In Gardner v Van Buren Pub Schs, 445 Mich 23; 517 NW2d 1 (1994), this Court inteipreted § 301(2) in accordance with the applicable rules of statutory construction and held that a compensable mental disability claim arises when an actual event of employment, not an imaginary or hallucinatory one, significantly contributes to, aggravates, or accelerates a mental disability. The majority in this case does not disturb the latter “significantly contributes” portion of the Gardner holding; however, it erroneously concludes that the Gardner Court wrongly decided the former “actual event of employment” portion and thus overrules Gardner in part. In so doing, the majority once again fails to abide by the fundamental principles of stare decisis. I, therefore, respectfully dissent.
In myriad decisions, this Court has expressed the fundamental principles of stare decisis. In Boyd v WG Wade Shows, 443 Mich 515, 525, n 15; 505 NW2d 544 (1993), this Court stated that “[u]nder the doctrine of stare decisis, principles of law deliberately examined and decided by a court of competent jurisdiction should not be lightly departed.” Additionally, this Court has said that “[s]tare decisis is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right. . . . This is commonly true even where the error is a matter of serious concern, provided correction can be had by legislation.” Brown v Manistee Co Rd Comm, 452 Mich 354, 365, n 17; 550 NW2d 215 (1996), quoting Burnet v Coronado Oil & *765 Gas Co, 285 US 393, 406; 52 S Ct 443; 76 L Ed 815 (1932) (Brandeis, J., dissenting). Furthermore, as the majority correctly notes, this Court has explained that it “will not overrule a decision deliberately made unless [it] is convinced not merely that the case was wrongly decided, but also that less injury would result from overruling than from following it.” Brown at 365, quoting Boyd at 524.
The majority first holds that overruling in part the Gardner Court’s interpretation of § 301(2) is permitted because Gardner was wrongly decided. One would hope the majority would not jettison precedent it believed to be correctly decided, but, then again, one never knows! The majority claims that the Gardner interpretation makes the statutory language mere surplusage, as the partial concurrence/dissent in Gardner argued. The Gardner majority, however, engaged in the exact debate brought by this case and clearly rejected the dissent’s viewpoint for numerous reasons.
First, the Gardner Court noted it was faced with distinguishing between “actual events of employment” and “unfounded perceptions thereof.” Id. at 43. Explaining that almost all mental disabilities are based on unfounded perceptions of actual events, this Court correctly concluded that reading the statute as the dissent, and the majority here, suggested would lead to an absurd result.
Thus if one reads MCL 418.301(2) as prohibiting compensation for claims based on unfounded perceptions of actual events, as opposed to prohibiting compensation for claims based on imagined or hallucinatory events, then one is left with a statute that makes little sense. Where the first part of the provision states that certain work-related mental dis *766 abilities shall be compensable, the last part excludes the vast majority of all mental disabilities, those based on unfounded perceptions of actual events. What the legislative right hand gives, the left hand takes. This is an absurd result. This Court has consistently attempted to construe statutes so as to avoid absurd results, and our construction of this statute will be no different. [Id. at 44, emphasis in original.]
Second, the Gardner Court addressed what Deziel v Difco Laboratories, Inc (After Remand), 403 Mich 1; 268 NW2d 1 (1978), established and § 301(2), therefore, invalidated. The Gardner decision noted that Deziel’s honest perception test had two major flaws that the Legislature intended to change: (1) it allowed a compensable disability to be based on imagined events, and (2) it did away with any need to prove a factual causal connection between the disability and the employment events. Id. at 45. Clearly, then, as the Gardner Court concluded, the Legislature intended to eliminate this test by requiring objective actual events, not imagined, and a significant causal connection. I question whether, under the majority’s approach, compensability for any mental disabilities would ever exist. It is completely illogical to conclude that an individual with a mental disability must comply with an objective reasonableness test when the entire basis of a mental disability is the inability to reason.
Third, the interpretation of § 301(2) in Gardner supports the basic premise that employers take employees as they are. See Sheppard v Michigan Nat’l Bank, 348 Mich 577, 584; 83 NW2d 614 (1957) (Smith, J., concurring). The Gardner Court correctly recognized that “[a]bsent an explicit legislative mandate” not only should this premise be followed for *767 physical infirmities, but for mental disabilities as well. Id. at 48-49.
Accordingly, the Gardner Court deliberately held that the relevant inquiry under § 301(2) is, “Given actual events and a particular claimant, with all the claimant’s preexisting mental frailties, can the actual events objectively be said to have contributed to, aggravated, or accelerated the claimant’s mental disability in a significant manner?” Id. at 50. I continue to adhere to this Court’s sound Gardner decision and am unconvinced that the majority’s adoption of the dissent’s approach to compensation for mental disabilities under the Worker’s Disability Compensation Act is the correct one.[1]
Not only does the majority err by adopting the Gardner concurrence/dissent as the correct interpretation of § 301(2), the majority also errs by failing to address the legislative response aspect of stare decisis. As mentioned, this Court in Brown affirmed the principle that courts should abide by precedent when the Legislature has not refuted it. The Brown Court stated:
“When, over a period of many years, the Legislature has acquiesced in this Court’s construction of a statute, the judicial power to change that interpretation ought to be exercised with great restraint. On more than one occasion our *768 Court has quoted with approval the statement that stare decisis ‘is especially applicable where the construction placed on a statute by previous decisions has been long acquiesced in by the legislature, by its continued use or failure to change the language of the statute so construed, the power to change the law as interpreted being regarded, in such circumstances, as one to be exercised solely by the legislature.’ ” [Id. at 367-368 (citations omitted).]
The Legislature has not reacted to the Gardner Court’s interpretation of § 301(2) in the eight years since it was decided. Thus, I would conclude that the Legislature is satisfied with the Gardner interpretation and the majority’s new interpretation is not only incorrect, but unnecessary.[2]
For these reasons, the doctrine of stare decisis mandates Gardner’s reaffirmance. The majority’s noble quest to right the alleged wrongs of the Gardner decision serves to foster an unwelcome practice of changing judicially established statutory interpretations with the makeup of the Court. Also, it fosters the undesired practice of rehashing settled debates simply because the majority concludes that someone had a better argument. This is clear because legally, nothing has changed since Gardner was decided, and no new arguments were presented to refute its analysis that were not already debated eight years ago. Strangely, the majority states that stare decisis values are furthered “by judicial decisions that are neutrally grounded in the language of the law, by a legal regime in which the public may read the plain words of its law and have confidence that such words mean what *769 they say and are not the exclusive province of lawyers.” Ante at 756. I am puzzled by this statement because I question whether the majority can ascertain any distinction between frowning upon decisions grounded in the plain meaning of words, but are the “exclusive province of lawyers,” and supporting decisions that change an already established plain meaning, and thus are the “exclusive province” of the makeup of the bench.
Accordingly, I would abide by the Gardner decision and would affirm the decision of the Court of Appeals.
Kelly, J., concurred with Cavanagh, J.

 Because I conclude that Gardner was not wrongly decided, that would end the stare decisis analysis and further analysis of whether greater harm would exist if precedent change is unnecessary. However, I refute the majority’s argument that no harm will occur by overruling Gardner in part. Those needing to follow § 301(2) for mental disability compensation and those practicing in that area are likely well versed in the Gardner analysis, as it has been the established interpretation of § 301(2) for the past eight years. I, therefore, fail to see how no harm will result from overruling Gardner in part and instead assert that less harm would result by keeping it intact.

 The majority opinion’s section entitled, “Response to Dissent” presents no relevant or novel analysis that contradicts the sound position I stand behind today.